# Whitton, Appellant, *v.* Milligan.

*Landlord and tenant—Distress—Sale—Notice—Act, March* 21, 1772.

A distress with notice thereof on Feb. 1, an appraisement with a notice of sale on Feb. 7, to take place on Feb. 13, and a sale pursuant to such notice, will satisfy the act of March 21, 1772, 1 Sm. L. 370, regulating the proceedings in cases of distress for rent.

The appraisment and " six days public notice " required by the statute are, in the order named, conditions precedent to a sale, but there is no express provisions in it or necessary implication from its language which postpones the notice of sale to a day subsequent to the appraisement.

A notice of the distress is valid if served on the day the distress is made. It sustains the same relation to the distress, in the order of procedure, as the notice of sale does to the appraisement. It is as necessary to a valid appraisement of the property distrained as a " six days public notice " is to a lawful sale of it.

*Computation of time—Sunday—Act of June* 20, 1883.

A notice given on Tuesday, the day of the appraisement, is sufficient to authorize a sale, on the following Monday of the goods distrained. The intervening Sunday has no effect on the computation because it did not fall on the last day of the period. The computation of time in such a case is governed by the act of June 20, 1883, P. L. 136, providing for the exclusion of the first and the inclusion of the last day. Davis v. Davis, 128 Pa. 100, distinguished.

Argued Jan. 10, 1893. Appeal, No. 75, July T., 1892, by plaintiff, Harold Whitton, from order of C. P. No. 3, Phila. Co., March T., 1888, No. 264, entering compulsory nonsuit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass to recover damages for alleged illegal sale of goods distrained for rent.

The facts appear by the opinion of the Supreme Court. The notice of distraint, signed by the constable, was served on plaintiff Feb. 1, 1888, and read :

" Take notice that by authority and on behalf of your landlord, William Milligan, I have this day distrained the several goods and chattels specified in the above schedule on the premises No. 1013 Chestnut street in said city, for the sum of $120, rent due him, the said William Milligan as aforesaid, or replevy the same goods and chattels according to law within five days hereafter : I shall, after the expiration of the said five days from the date hereof, cause the said goods and chattels to be appraised and sold according to the act of assembly in such case made and provided.

" Given under my hand the 2d day of February, 1888."

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*Alex. Simpson, Jr., Walter C. Rodman* with him, for appellant, cited Kane v. Com., 89 Pa. 523 ; Davis v. Davis, 128 Pa. 100 ; Brisben v. Wilson, 60 Pa. 457 ; Richards v. McGrath, 100 Pa. 399.

*Ellis Ames Ballard, John C. Milligan* with him, for appellee, cited Sims v. Hampton, 1 S. & R. 412 ; Marys v. Anderson, 24 Pa. 276 ; Thomas v. Afflick, 16 Pa. 14 ; Barber v. Chandler, 17 Pa. 48 ; Manning v. Dove, 10 Rich. Law, S. C. 395 ; Evans v. Darlington, 5 Blackf. Ind. 320 ; Edmundson v. Wragg, 104 Pa. 500.

OPINION BY MR. JUSTICE McCOLLUM, March 6, 1893 :

This is an appeal from a refusal to take off a nonsuit in an action of trespass in which the plaintiff alleged, inter alia, that certain goods and chattels belonging to him had been unlawfully taken and sold by the defendant. It appears that the appellant was, on the 31st of January, 1888, in possession of a room on the fourth floor of 1013 Chestnut street, Philadelphia, as a tenant of the appellee ; that having failed to pay the rent according to the terms of the lease he was apprehensive of a distress, and in the hope of avoiding it removed, during the

night, a portion of the property subject to it. The appellee being informed of this action of his tenant distrained the balance of the property on the premises, liable to seizure for the rent. The distress was made and notice thereof given to the appellant on the 1st, and the property sold on the 13th of February.

We find in the record of the proceedings on the trial in the court below an admission that "the plaintiff restricts his claim to the allegation that the sale was made sooner than allowed by law." In harmony with and corroboration of this admission his counsel, in their argument in support of his appeal, say that "a single question is raised, viz.: Was the sale made too early?" In considering this question we must assume, as the parties do in their presentment of the case, that the property was appraised and advertised for sale as soon after the distress and notice thereof as section 1 of the act of March 21, 1772, allows the appraisement to be made and the public notice of sale to be given. This was on the 7th of February, which was the first day after the expiration of the five days within which the appellant had the right to replevy the property distrained. The appraisement and "six days public notice" required by the statute are, in the order named, conditions precedent to a sale, but there is no express provision in it or necessary implication from its language, which postpones the notice of sale to a day subsequent to the appraisement. A notice of the distress is valid if served on the day the distress is made. It sustains the same relation to the distress, in the order of procedure, as the notice of sale does to the appraisement. It is as necessary to a valid appraisement of the property distrained as a "six days public notice" is to a lawful sale of it. In Davis v. Davis, 128 Pa. 100, the distress was made and the notice thereof given on the 22d of July, and the regularity of the proceedings in this respect was not questioned. There is no warrant nor just reason discoverable in the act of 1772 for holding that, whilst the notice of distress so given is valid, the notice of sale given on the day the appraisement is made is invalid. We think therefore that a distress with notice thereof on the first of February, an appraisement with a notice of sale on the 7th to take place on the 13th, and a sale pursuant to such notice will satisfy the statute regulating the proceedings in cases of distress for rent.

It is claimed, however, by the appellant that in ascertaining whether the statutory demand for "six days public notice" of the sale has been complied with the day of the appraisement and the day of sale must be excluded. Davis v. Davis, supra, is cited as authority for this construction, but we do not so regard it. In that case it was held, following Brisben v. Wilson, 60 Pa. 457, that the statute allowed the tenant five full days "next after the distress and notice thereof," in which to replevy his property, and further that as the fifth day fell on Sunday he had all of the succeeding day in which to exercise this right; and as the time appointed by the statute was "after the expiration of the said five days," such appraisement was invalid if made during that period. In this case the appraisement is conceded to be regular and the question is whether a notice given on Tuesday, the day of the appraisement, is sufficient to authorize a sale on the following Monday. It clearly is if, in computing the time allowed by the words of the statute, to wit, "after six days public notice," the day on which the notice is given is excluded and the day of sale is included. The intervening Sunday has no effect on the count, because it did not fall on the last day of the period. We think this case in respect to the notice of sale is governed by the act of June 20, 1883, P. L. 136. The mistake in the date of the notice cannot under the appellant's own showing have any influence in the decision of the question raised.

The specifications are overruled.

Judgment affirmed.