## P. S. Bogert, Appellant, v. John Batterton and Elizabeth Batterton.

*Actions—Illegal distress—Proper remedy is replevin.*

Replevin is the proper remedy to be used by a person whose goods have been improperly distrained upon by a landlord for rent due by a tenant, and where such person receives notice of the distress and the landlord postpones the sale to give him an opportunity to replevin which he refuses to do, he cannot, after sale, bring trespass against the landlord for the value of the goods, nor replevin against a purchaser of the same at the constable's sale.

*Landlord and tenant—Leased sewing machines not exempt from distress.*

A sewing machine leased to the tenant of a dwelling house is not exempt from distress for rent under the Act of March 4, 1870, P. L. 35.

*Landlord and tenant—Property on premises liable to distress—Exemption not claimable by a stranger.*

Property of a stranger found upon leased premises is liable to distress

for rent in arrears. The claim for exemption is a personal privilege and must be claimed by the person entitled thereto. It cannot be assigned to or claimed by a stranger.

Argued Jan. 12, 1898. Appeal, No. 36, Jan. T., 1898, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1891, No. 251, in favor of defendants, on case tried before a judge without a jury. Before RICE, P. J., WICKHAM, BEAVER, OR-LADY, SMITH and PORTER, JJ. Affirmed.

Replevin for sewing machine. Before GUNSTER, J., of the 45th judicial district specially presiding.

By agreement of the parties a trial by jury was dispensed with and the case was submitted to the decision of the court under the act of April 22, 1874. The following material facts were found by the court: John Essling rented on May 8, 1891, a certain house in Wilkes-Barre from D. L. O'Neill for a certain term at the rate of $12.50 a month payable in advance. He made a payment of $5.00 down on the execution of the lease, and promising to pay another $5.00 in a few days, was permitted to go into possession of the premises described in the lease. On May 15, 1891, the plaintiff rented to said Essling a sewing machine of the value of $40.00 for the term of one month, for the rent of $3.00, and delivered the same to said Essling at said premises.

Essling did not pay the remaining $5.00 due on the execution of the lease, nor the instalment of $12.50 rent which fell due June 1, 1891, and on June 2, a landlord's warrant of distress, in the usual form, issued for the sum of $17.50, under which distress was made upon some personal property, including the sewing machine rented by the plaintiff to Essling. The lease contained a waiver of exemption. At the hour fixed for the constable's sale, the plaintiff gave the constable notice in writing that the sewing machine was his property, and forbade him selling the same as the property of John Essling, as the same was only leased to him. The constable sold the other property, but not the sewing machine, and adjourned the sale of it for one week, notifying plaintiff of the fact. At the expiration of the week nothing having been done in the meantime by the plaintiff, the constable put up the machine in question for sale and sold it to Elizabeth Batterton, one of the

defendants, who took possession of the machine. The plaintiff was present and participated in the bidding on the machine.

On June 24, 1891, the plaintiff sued out a writ of replevin in this case for the machine in question, laying the value at $40.00, and delivered the same to the plaintiff and summoned both of the defendants, John Batterton pleading non cepit, and Elizabeth Batterton pleading non cepit and property.

Certain points had been presented and a formal request for instructions to the jury before a juror was withdrawn, and the decision of the case submitted to the court. These points and the answers thereto, were, inter alia, as follows:

Plaintiff's second point, that under the provisions of the act approved March 4, 1870, sewing machines used and owned by private families were exempt from levy and sale on execution or distress for rent, and the constable, John Merrick, who had the landlord's warrant against John Essling, had no authority or warrant in law to levy upon the sewing machine in dispute. *Answer:* The act of 1870 is a supplement to an act entitled " an act to exempt sewing machines belonging to seamstresses in this commonwealth from levy and sale on execution or distress for rent," approved April 17, 1869, which provides as follows: " That hereafter all sewing machines belonging to seamstresses in this commonwealth shall be exempt from levy and sale on execution or distress for rent, in addition to any articles or money now exempt by law." The act of 1870 referred to in the point is entitled " a supplement to an act entitled ' an act to exempt sewing machines belonging to seamstresses in this commonwealth from levy and sale on execution or distress for rent,' and provides as follows: " That the act entitled ' an act to exempt sewing machines belonging to seamstresses in this commonwealth from levy and sale on execution or distress for rent,' approved April 17, 1896, shall from and after the passage of this act apply to all sewing machines used and owned by private families in this commonwealth: Provided—that this act shall not apply to persons who keep sewing machines for sale or hire.' " The defendant contends that Essling waived the benefit of the exemption provided by this act by waiving " all the exemption laws of this or any other State of the United States," while the plaintiff contends that as to the property now in dispute the waiver is void. Counsel have not referred me to

any judicial construction of the acts under consideration. A careful comparison of these provisions with those of other acts of assembly exempting property from levy, and the construction which has been put upon such other statutes leads me to the conclusion that "all sewing machines belonging to seamstresses in this commonwealth shall be exempt from levy and sale," and that it would be contrary to public policy to permit seamstresses to waive this exemption. The act of 1849 already exempted property to the value of $300 exclusive of all wearing apparel of the defendant and his family, and all bibles and school books in use in the family from levy and sale on execution issued upon any judgment obtained upon contract and distress for rent. Sewing machines fall as much within this exemption as stoves and other household furniture, or a carpenter's tools. The legislature was no doubt well aware that few seamstresses have anything more than their wearing apparel and their sewing machines. Under the act of 1849 their wearing apparel, bibles and school books remained exempt, as they were before the date of said act, and I have never heard of a case where such property was sold when the owner claimed them as exempt, though the exemption of the act of 1849 had been waived. But other property, including sewing machines, to the value of $300 was exempted by that act. If sewing machines were already exempt what necessity was there for exempting them again? In 1849 they were not known. In 1869 they were in general use, had become a household necessity and afforded many deserving women the means of earning a livelihood. Unfortunately our courts have held that the exemption under the act of 1849 could be waived. That they have so held is the only argument which can be advanced that the exemption of the act of 1869 can be waived. This argument loses much of its force when considered in the light of what our Supreme Court says of the interpretation put upon the act of 1849. In Firmstone v. Mack, 49 Pa. 387, the late Chief Justice WOODWARD says : "If it were res integra, if with the experience and observation we have had we were now for the first to pass upon the question whether debtors could waive their rights under the act of 1849 or widows theirs under the act of April 14, 1851, we would be very likely to deny it altogether and stick to the statutes as they are written." This was said in 1865, only four years before the act of 1869

was framed, and in this same case it was held that an agree-ment by a laborer to waive the proviso of the act of 1845 which exempts wages from attachment, embodied in a promissory note, was void. Every reason which can be advanced for withhold-ing the wages of the laborer from the grasp of his creditors can be advanced for withholding the machine with which the poor seamstress earns wages, from the grasp of her creditors. But however that may be, there are reasons why the point cannot be affirmed. There is nothing in the title of the act of 1870 to indicate that it was the intention of the legislature to enact a law relating to any other person or persons than seamstresses, and the exemption of sewing machines belonging to them. It is entirely silent on the matter of making the act of 1869 ap-plicable to sewing machines used and owned by private families. The act itself expressly provides that it "shall not apply to persons who keep sewing machines for sale and hire." It is an undisputed fact in the case that the plaintiff was engaged in the business of selling and letting or hiring sewing machines, and that he let the machine in question to Essling for the term of one month. There is no evidence that Essling claimed the exemption of it. On the contrary, he left the premises and abandoned the property on it. There is no evidence that the plaintiff claimed that the machine was exempt. He was not in a position to claim the benefit of any exemption law. Neither the relation of landlord and tenant, nor of debtor and creditor was established between him and Mr. O'Neil. If he was not a debtor for the rent, he was not entitled to the exemption of the statute. That his property was seized was due to the accident of its being found on the demised premises. It shared the fate which the goods of any stranger might have shared: Rosen-berger v. Hallowell, 35 Pa. 369. It is a well settled principle of the common law that the goods of a stranger found on the demised premises are liable to distress for rent. While there are many exceptions in fact to this general rule there are few exceptions to it in principle: Page v. Middleton, 118 Pa. 546 ; Karns v. McKinney, 74 Pa. 387. For these reasons I decline to affirm the plaintiff's second point. [1]

The following points of the defendant were affirmed:

1. That the property of a stranger found upon leased prem-ises is liable to distress by the landlord for rent in arrears.

2. The claim for exemption is a personal privilege, and must be claimed by the person entitled thereto. It cannot be assigned or claimed by a stranger.

3. If the jury believe from the evidence that Elizabeth Batterton, one of the defendants, purchased the machine in question at a public sale made by a constable in the execution of a landlord's warrant, her title to the machine is not vitiated or affected by the failure or refusal of the constable to allow a claim for exemption. [3]

4. If the jury believe that the plaintiff did not replevy the machine in question before the sale as required by act of 21st March, 1872, he cannot recover in an action of replevin against the purchaser instituted after the sale. [4]

5. If the jury believe from the evidence that the tenant, John Essling, in the lease signed by him waived the benefit of all the exemption laws of the state of Pennsylvania, that waiver cannot be retracted or set up by another party. [5]

6. Under all the evidence in the case the verdict must be for the defendants. [6]

In conclusion I am of opinion that, under the facts of the case, judgment should be entered in favor of the defendants and against the plaintiff, and that the said Elizabeth Batterton have return implevisable of the said machine and fourteen dollars and fifty cents damages, and the prothonotary of said court is hereby directed to enter judgment hereon accordingly, unless exceptions are filed hereto, in his office within thirty days after service of notice of the filing of this decision by him to the said parties or their attorneys.

*Errors assigned* among others were (1) refusal to affirm the plaintiff's second point or request. (3–6) In affirming defendants' third, fourth, fifth and sixth points or requests.

*E. F. McGovern,* for appellant.

*J. F. O'Neill,* with him *D. L. O'Neill,* for appellees.

PER CURIAM, February 19, 1898:

The sewing machine in question was not exempt from levy and sale on execution or distress for rent under the act of

April 17, 1869, because it did not belong to a seamstress. It was not exempt under the Act of March 4, 1870, P. L. 35, as the property of the plaintiff, because that act expressly excepts from its operation "persons who keep sewing machines for sale or hire." Nor is he in a position to claim that it was exempt as the property of the lessee. The latter had left it upon the premises from which he had removed and made no claim of ownership, or demand to have it exempted, and at the date of the sale the term for which he had leased it had expired. It was not at that time a sewing machine "owned and used" by a private family within the meaning of that act. It is also to be remarked, that the plaintiff had notice of the distress and full opportunity to replevy the property before the sale; but, instead of pursuing his remedy under the act of 1772, he saw fit to let the sale go on, and, indeed, participated in the bidding. Moreover, the title of the act of 1870 gives no notice whatever of legislation exempting sewing machines owned and used by private families, and it may be well questioned whether such a provision was germane to the subject of the act of 1869 to which it was a supplement. It is not necessary, however, to go into a discussion of that question, since under the facts found by the court the plaintiff is not now in a position to deny the validity of the title acquired by the purchaser at the sale under the landlord's warrant. "That his goods were seized was due to the accident of their being found on the demised premises. A stranger's goods would have shared the same fate:" Rosenberger v. Hallowell, 35 Pa. 369. The reasons in support of the judgment are so clearly stated in the findings of the presiding judge as to render further discussion unnecessary.

Judgment affirmed.