## Walter Stuart *v.* William H. Line, Appellant.

*Pleading—Immaterial defect—Presumption of amendment.*

After a trial on the merits a defect in the pleadings will not be considered as fatal, unless it is shown injuriously to have affected the trial and a proper amendment will be considered to have been made.

In the case at bar a road in question was described in the statement as a public road while in the bill of particulars it was mentioned as a road through the land of plaintiff. The case having been tried on the issue as defined in the bill of particulars the statement will, on appeal, be treated as amended.

*Easement—Evidence—Admission of a prior owner.*

Whether the use of a way has been open and adverse for twenty-one years is a question for the jury, although concurrently used by the owner of the survient tenant, and an admission of a predecessor in title during his ownership that he had no right to close a way is competent evidence against a subsequent owner of the servient tenant.

*Charge of court—Inadequate and misleading.*

Where the charge contains no clear statement of the questions involved and no adequate presentation of any of them and the inadequacy of the charge is such as to be, in its effect on the jury, misleading and unfair, the judgment will be reversed. The jury should be given the leading rule containing the questions suggested by the point.

Argued March 13, 1899. Appeal, No. 2, March T., 1899, by defendant, from judgment of C. P. Cumberland Co., Nov. T., 1896, No. 92, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by ORLADY, J.

Trespass. Before McCLURE, P. J., of the 17th judicial district, specially presiding.

It appears from the record and evidence that the defendant is the owner in fee of a farm, which was conveyed to him in 1886 by W. A. Coffey, executor of Joseph Galbraith, deceased. The said Joseph Galbraith had purchased the farm in 1877 from W. A. Coffey, administrator of Wm. Galbraith, deceased, who died in 1876. This farm lies between a public highway, known as the "Walnut Bottom Road," on the south, and the farm of the plaintiff, Walter Stuart, on the north. Immediately north of plaintiff's farm is the farm of his uncle, Walter Stuart, Sr.

A lane crosses defendant's land from the Walnut Bottom road to the line of plaintiff's farm where it is closed by a gate on plaintiff's land. Beyond this gate a roadway crosses plaintiff's land to the farm of Walter Stuart, Sr., where it ends.

In the summer of 1896 the defendant erected an ordinary swinging gate across said lane near its opening into the Walnut Bottom road, and removed the fence along one side of the lane from this gate to the gate on plaintiff's land.

On account of the erection of this gate by defendant, the plaintiff brought an action of trespass against him, alleging that the lane in question was a public highway, being a part of the Walnut Bottom road; that its obstruction by the defendant's gate was illegal, and that in consequence thereof plaintiff had suffered great injury.

The plaintiff in his statement and bill of particulars declared that the lane in question had been opened more than twenty-one years before as a public highway by William Galbraith, defendant's predecessor in title, under an oral agreement with Walter Stuart, Sr., at that time plaintiff's guardian, that said lane should always remain open and unobstructed.

On the trial of the case in November, 1897, the plaintiff offered evidence to show that the lane in question was laid out and opened in 1877, by Joseph Galbraith, defendant's immediate predecessor in title, under an oral agreement with Walter Stuart, Sr., that it should be a good passable road, and also offered evidence to show that said lane had been used, without objection, by any one desiring to reach the farms of Walter Stuart, the plaintiff, or of Walter Stuart, Sr., until 1896, when the defendant erected the gate complained of. On the question of damages, the plaintiff stated that he had suffered no

injury beyond the slight annoyance incident to the delay caused by opening and closing the gate when he had occasion to use the lane, an injury which, he testified, was similar in all respects to that suffered by every person using the lane.

The defendant offered evidence tending to show that no such oral agreement between Walter Stuart, Sr., and Joseph Galbraith had ever been made; that the lane in question was entirely on defendant's land and was his own private way, to which neither the public nor the plaintiff had any right; and that the use thereof by plaintiff had always been permissive; that the gate, the erection of which was complained of, was in all respects a reasonable and proper one, necessary for the protection of defendant's fields, and one which he was legally entitled to erect and maintain.

Defendant submitted certain points, which, with the answers thereto, were as follows:

[1. If the jury find as a fact that the alleged agreement between Walter Stuart, Sr., and Joseph Galbraith was in writing, there being no competent evidence as to the terms of said contract, there can be no recovery for any breach of said contract in this case. *Answer:* Refused.] [3]

[2. If the jury find that the gate erected by Wm. H. Line is a proper one for the protection of defendant's fields, and that it does not unreasonably obstruct travel over the road from the Walnut Bottom road to the land of the plaintiff, the plaintiff cannot recover in the present case. *Answer:* Refused.] [4]

[3. There can be no recovery in the present action for a breach of the express conditions of the alleged contract between Walter Stuart, Sr., and Joseph Galbraith, that no gate should be erected over the road in question. *Answer:* Refused.] [5]

[4. This being an action for damages for the alleged obstruction of a public way, and the plaintiff having failed to show any damages different in kind and degree from the damage suffered by the public generally, there can be no recovery in the present action. *Answer:* Refused.] [6]

[5. Under all the evidence, the verdict should be for the defendant. *Answer:* Refused.] [7]

The court charged the jury as follows:

In this case the plaintiff seeks to recover damages for inju-

ries he has sustained by reason of the closing, by the defendant, of the road leading from the Walnut Bottom road to his property.

[It seems that for many years there was an old road to the farm of plaintiff, and by some amicable arrangement between his predecessors in title and those under whom defendant claims, the old road was changed and a new road located leading directly to this Walnut Bottom road from the plaintiff's farm.] [8] [This road was opened in 1877, and remained so until a few years ago, last year I believe, when it was obstructed by the defendant.] [9]

As to his closing the road, there does not seem to be any dispute, the defendant in fact admits it, but gives as his reason for doing so, that it saved twenty to thirty rods of fence, and that he had the right to fence the lane leading from the Walnut Bottom road.

This road the plaintiff has a right to travel over, and by the closing of it, access is entirely shut off from his property, that is, when traveling the road, before he could reach his property, he would have to get out of his buggy, open the gate, drive through, and close the gate after him. He contends that he has been thus injured, and claims damages for this, $60.00 or $75.00.

[Now, if you find that this road has been closed where it should not be, by reason of the defendant placing a gate across it, and which he admits, and that he has not the right to do so, then you should render a verdict for the plaintiff for whatever damages you think he has sustained.] [10] The amount of damages that you may find under the evidence, are compensatory, and are only placed upon the defendant for what he has done, although he may have put the gate there under the belief that he had the right to do so. Indeed, from what counsel have said, it is not damages they seek, but simply to determine a right. Still it will be for you to say what the damages are.

[In order to determine the right, it is necessary for you to render a verdict in damages for such amount as you might think the plaintiff has sustained, and that will be for you to say under all the evidence in the case.] [11]

The defendant has asked us to charge you on a number of points. We refuse to instruct you as requested, and will therefore not read them.

You will retire now, gentlemen, and if you believe the defendant has not the right to close the road, you will find for the plaintiff for whatever damages you think he has sustained. Otherwise, for the defendant.

Exception to charge and answers to points noted for the defendant.

Verdict and judgment for plaintiff for six cents damages. Defendant appealed.

*Errors assigned* were (1) in admitting in evidence the will of Samuel Stuart, Jr., to be followed by proof showing that the guardian made an arrangement with the defendant by which the road, the obstruction of which is complained of, was to be open.   (2) In admitting evidence under the following offer : " The offer as to Mr. Galbraith was as follows : ' We offer to show by the witness on the stand that his father, Joseph Galbraith, was the former owner of the farm through which this road passes ; that his father made an arrangement with Walter Stuart, Sr., to change the road from its former location to the present one, and did so ; that it was understood and agreed that his father should keep up the fence on both sides of the road, and that the road should be free and open and unobstructed.' " (3–7) Refusing to affirm defendant's points, reciting same. (8–11) To portions of the judge's charge, reciting same. (12) The charge as a whole is inadequate, biased and misleading, and in effect, unfair to defendant.   (13) In allowing the amendment to plaintiff's statement to be made after verdict and motion for a new trial, which amendment was as follows : " The plaintiff moves to amend his narr. by striking out the word public wherever it appears before the word highway, so that it may conform to the proofs and issue tried."

*E. M. Biddle, Jr.*, for appellant.—Such an amendment will not be admitted : Stewart v. Kelly, 16 Pa. 160 ; Diehl v. McGlue, 2 Rawle, 337.   The test is whether the cause of action set up by the amendment is to be sustained on new evidence and new principles : Winder v. Bank, 2 Pa. 446 ; Schoneman v. Fegley, 7 Pa. 433.   There can be no doubt that an action for damages for the breach of the express conditions of a contract not to erect a gate across a private right of way must be

sustained by evidence and principles different from those needed to sustain an action for the obstruction of a public highway.

The learned court below, therefore, allowed the plaintiff to do, after trial and verdict, what it should not have allowed even before trial.

The testimony of alleged admissions of Joseph Galbraith was inadmissible to show the creation of an easement by parol. Admissions by a predecessor in title cannot be received when they go to create an incumbrance which, under the statute of frauds, cannot be created by parol: Wharton on Ev. par. 1157.

If the agreement imported a grant or conveyance to plaintiff of a right of way or passage or any other easement on the land thrown into the highway, it was an interest in real estate which could not be conveyed by parol. The agreement, however, amounted to a license and nothing more: Ruggles v. Lesure, 41 Mass. 187. An easement cannot exist in parol. . . . It can pass only by deed: Huff v. McCauley, 53 Pa. 206; May v. Prendergast, 2 Dist. Rep. 613; Washburn on Easements, 18; 4 Shars. L. C. Real Prop. 128, 521; 2 Reed on Stat. of Frauds, secs. 718, 719.

If the alleged agreement created a license, that license was revoked by the death of the grantor, and the conveyance of the servient tenement: Ruggles v. Lesure, supra; 13 Am. & Eng. Ency. of Law, 554, 555.

Even if plaintiff had a right of way over the road in question, the defendant was entitled to maintain gates across the same for the protection of his fields, provided such gates did not unreasonably obstruct said road.

The owner of land subject to a right of way for passage only, may erect a gate across said right of way, for the protection of his fields, if it is done with a reasonable regard to the convenience of the owner of the easement: Hartman v. Fick, 167 Pa. 18; Connery v. Brooke, 73 Pa. 80; Goddard on Easements, 331; Bean v. Coleman, 44 N. H. 539; 19 Am. & Eng. Ency. of Law, 106.

This is the case even where the grant is of a " free and unobstructed way : " Washburn on Easements (3d ed.), 231.

The eighth, ninth, tenth and eleventh assignments of error all relate to the charge of the court below, in which he practically instructed the jury that the facts involved were all as

claimed by plaintiff, and that their verdict must be in his favor; they can properly be considered together.

In charging the jury that "for many years there was an old road to the farm of plaintiff" the learned court below assumed facts with no evidence to support his statement. Counsel for plaintiff, in his opening address, said that they would show the existence of the old road for many years, but no evidence for that purpose was offered, and it is clear that the court below relied on the statement of counsel alone, in so charging the jury.

Plaintiff's entire case rested on the evidence of parol admissions of Joseph Galbraith, said to have been made nearly twenty years before the present cause of action arose. If the learned court below considered the evidence sufficient, if true, to establish plaintiff's claim, he was, nevertheless, bound to submit to the jury the credibility of the witnesses, the accuracy of their recollection, their interest, etc., and the terms of the alleged contract.

The credibility of a witness, though uncontradicted, is always for the jury: Grambs v. Lynch, 20 W. N. C. 376. The meaning of words orally uttered is for the jury: Maynes v. Atwater, 88 Pa. 496. While the evidence may tend to sustain the plaintiff's claim, it is the province of the jury and not of the court to consider the testimony and determine the facts: Kelly v. McGehee, 137 Pa. 443; Eby v. Elder, 122 Pa. 342. The jury are not bound to accept the statements of a witness because he is unimpeached and uncontradicted by other witnesses: Lautner v. Kann, 184 Pa. 334. It is the duty of the court to interpret a contract, and of the jury to determine whether it was established by proof: Folsom v. Cook & Co., 115 Pa. 539.

In the case at bar the learned court below instructed the jury that all the disputed questions of fact involved were as claimed by plaintiff, and submitted to them only the amount of damages, which, he said, must be awarded plaintiff. In giving such instructions, the authorities above quoted were flatly disregarded, the rights of defendant materially prejudiced, and reversible error committed.

The charge of the court below was as a whole inadequate, and in its effect, unfair to defendant.

Though the court is not bound to answer every point spe-

cifically, yet the jury should be given the legal rule controlling the question suggested by the points: Duncan v. Sherman, 121 Pa. 520. Where the court neglects to explain the precise question at issue, and calls attention to the evidence of one side only, the judgment will be reversed: Reber v. Herring, 115 Pa. 599; Tietz v. Traction Co., 169 Pa. 516.

*W. F. Sadler*, of *Sadler & Sadler*, for appellee.—The variance between the narr. and the evidence is cured by the verdict and the Supreme Court will treat the narr. as amended: Trainor v. Philadelphia R. R. Co., 137 Pa. 148; Kroegher v. McConway & Torley Co., 149 Pa. 444; Shoenberger v. Zook, 34 Pa. 24; Bolton v. King, 105 Pa. 78.

If one on the faith of a license has done work or surrendered rights, which renders it impossible for the courts to restore the licensee to his original condition, the license becomes irrevocable and a revocation of the same would not be permitted because it would work a fraud.

This doctrine has been reiterated again and again by our Supreme Court from the case of Lefevre v. Lefevre, 4 S. & R. 241, to that of Baldwin v. Taylor, 166 Pa. 507. While the case of Huff v. McCauley, 53 Pa. 206, cited by appellant held a license revocable, it was put on the ground that " the verdict established either that the agreement alleged had not been made or that there had been no expenditure under it."

Location of ways may be changed with the consent of parties and need not be in writing or agreed to formally: 19 Am. & Eng. Ency. of Law, 106.

Where there is a continuous and apparent servitude by an owner on one part of his land for the benefit of another, a purchaser at private or judicial sale takes subject to it: Cannon v. Boyd, 73 Pa. 179.

Where there is a contract granting a way inconsistent with the erection of gates, the agreement between the parties governs: 4 Shars. & Budd, L. C. Real Prop. 219.

When the owner of lands, across which others have a prescriptive right of way, for his own convenience closes such way and opens another across parts of his land for the use of those having the right, and they assent to the change and use the new way for a period less than twenty years, the owner cannot

close such new way and prevent its use without first restoring the old one to its former condition: Hamilton v. White, 5 N. Y. 9.

That the declarations of a deceased predecessor in title while in possession of lands and against interest may be given in evidence against his representatives and successors is well settled: Bennett v. Biddle, 150 Pa. 420; Reed v. Dickey, 1 Watts, 152; Bassler v. Niesly, 2 S. & R. 352.

Whether the erection of the gate was an unreasonable obstruction or not does not arise in this case. The plaintiff contended on the trial that Galbraith was permitted to close the old road on condition that the latter should give a new and open way through his land to that of the former. Witnesses were called to show that such was the agreement between them. The new road was opened in 1877. It was fenced on both sides, indicating that it was to be an open way. The defendant observed its condition when he bought the farm in 1886, and it was permitted to so remain for ten years thereafter.

It is an action against the defendant who was not a party to agreement, for obstructing a private way. Trespass has always been deemed the appropriate form of action where legal redress is sought in such cases: Cannon v. Boyd, 73 Pa. 179.

Opinion by Orlady, J., July 28, 1899:

After a trial on the merits of a case, a defect in the pleadings will not be considered as fatal, unless it is shown to have injuriously affected the trial, and a proper amendment will be considered to have been made: Chapin v. Cambria Iron Co., 145 Pa. 478; Eckert v. Schock, 155 Pa. 530; Com. v. Press Co., 156 Pa. 516. The statement filed in the case described the road in question as a public highway, while in the bill of particulars it was mentioned as "a road through the land of the plaintiff." The case was tried on the issue as defined in the plaintiff's and defendant's bill of particulars.

When a continuous and apparent servitude is imposed by the owner of real estate on a part thereof for the benefit of another part, and the respective portions are subsequently conveyed to different persons, the purchaser of the servient property in the absence of an express reservation or agreement on the subject takes it subject to the easement or servitude thus

imposed: Ormsby v. Pinkerton, 159 Pa. 458; Held v. McBride, 3 Pa. Superior Ct. 155.

The exchanges of land and the mutual advantages were a sufficient consideration and the parties cannot now be restored to their original condition by closing the road with a gate: McCarthy v. Kitchenman, 47 Pa. 239; Cannon v. Boyd, 73 Pa. 179; Geible v. Smith, 146 Pa. 276; Baldwin v. Taylor, 166 Pa. 507.

Whether the use of the way has been open and adverse for twenty-one years is a question for the jury, although concurrently used by the owner of the servient tenant, and an admission of a predecessor in title during his ownership that he had no right to close a way is competent evidence against a subsequent owner of the servient tenant: Bennett v. Biddle, 150 Pa. 420.

Under the plaintiff's evidence the original road was constructed by his grandfather or great grandfather, and the change of location of a part of it in 1877, would not give to the defendant any additional right to erect the gate. The termini were unchanged, and the alteration for a short distance along the course of the road did not affect the right to use the road where the gate was placed. As we have already suggested, there was sufficient evidence in the case to warrant the jury in finding as a fact that the location of an old road through the lands now owned by the defendant had been changed by the owner or parties in charge of the land, but was this question submitted under proper instructions? The courts say: "It seems that for many years there was an old road to the farm of plaintiff, and by some amicable arrangement between his predecessors in title and those under whom defendant claims, the old road was changed and a new road located leading directly to the Walnut Bottom road from the plaintiff's farm." This seems to assume the very fact in controversy nor was this cured by any definite instructions in the other portions of the charge. To say "now if you find that this road has been closed where it should not be, by reason of the defendant placing a gate across it, and which he admits, and that he has not the right to do so, then you should render a verdict for the plaintiff for whatever damages you think he has. sustained," was not an adequate presentation of the questions of fact to be decided by the jury. It left the jury at liberty to range at will over the whole domain of law and fact

and to render such a verdict as they thought best. Where the charge of the trial judge contains no clear statement of the questions involved, and no adequate presentation of any of them, and the inadequacy of the charge is such as to be in its effect upon the jury misleading, and its effect upon the defense unfair, the judgment will be reversed : Teitz v. Traction Co., 169 Pa. 516. The jury should be given the leading rule containing the questions suggested by the point : Reber v. Herring, 115 Pa. 599 ; Duncan v. Sherman, 121 Pa. 520.

The judgment is reversed and a venire facias de novo awarded.