## Lengert Company v. Building & Loan Association.

*Landlord and tenant—Distress—Requisite seizure.*

To render a distress complete there must be a seizure of the property distrained upon, but a very slight act is sufficient to constitute a seizure in contemplation of law.

*Trespass—Illegal distress—Failure to replevy.*

Where a claimant of property distrained upon fails to exercise this right to sue out a writ of replevin before the sale on the distress, of which he had knowledge as well as time and opportunity to protect himself, he has no standing to hold the landlord liable in damages for trespass.

Argued Oct. 10, 1900. Appeal, No. 98, Oct. T., 1900, by plaintiff, in suit of the Lengert Company against the Bellevue Building & Loan Association and James H. McFarland, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 171, refusing to take off nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Trespass against a landlord and his bailiff for unlawfully seizing property belonging to plaintiff. Before ARNOLD, P. J.

It appears from the record that the plaintiff, the Lengert Company, brought an action in trespass against the appellees, the Bellevue Building and Loan Association and James H. McFarland, to recover the sum of $1,000 averring that it, the appellant, was the owner of a certain moving van of the value of $500 which the appellees unlawfully seized and sold as the property of one Jacob H. Rohrbacher, although notified of the plaintiff's ownership, to the damage of the appellant of $1,000. The appellees filed a plea of " not guilty " with notice of special matter, averring that said Rohrbacher was in arrears for rent as tenant of 905 and 907 Fairmount avenue, which he held under a lease from appellee, in the sum of $1,603.23, for which a distress was made upon all goods upon the premises, including a furniture van, and sold in conformity with law as the property of Rohrbacher, and upon issue joined a nonsuit was entered by the learned trial judge " for the reason that the plaintiff should have issued a writ of replevin for the wagon,

and has no right to sue in trespass." The plaintiff filed a motion for a rule to show cause why the judgment of nonsuit should not be stricken off, which was refused, and exception noted, and this appeal taken by said plaintiff.

*Error assigned* was in refusing on behalf of plaintiff to strike off judgment of nonsuit.

*W. H. G. Gould,* with him *W. S. Divine* and *F. E. Bucher,* for appellant.—At common law, a distress could be made only on the demised premises, and this is still the general rule in Pennsylvania : Clifford v. Beems, 3 Watts, 246.

In Jackson and Gross on Landlord and Tenant, the requisites of a rightful distress are said to be :

" Seventh. That the distress is made upon the demised premises, except where the goods are clandestinely or fraudulently removed."

" Fourteenth. That the requisite notice or distress is given according to the act of 1772."

Any irregularity in taking a distress makes a landlord at common law a trespasser ab initio : 3 Blackstone's Com. 16.

In the following cases trespass was held to be the proper remedy where the seizure was regular, but the appraisement was omitted or improperly or prematurely made : Snyder v. Boring, 4 Pa. Superior Ct. 196 ; Hazlett v. Mangel, 9 Pa. Superior Ct. 139.

The law is the same whether the irregularity is in the making of the distress or the subsequent proceeding : Machine Co. v. Spencer, 147 Pa. 466 ; Snyder v. Boring, 4 Pa. Superior Ct. 196.

*W. Horace Hepburn,* for appellees.—That the plaintiff cannot sustain an action of trespass under the circumstances of this case would seem to be settled by the following cases : Machine Co. v. Spencer, 147 Pa. 466; Bogert v. Batterton, 6 Pa. Superior Ct. 468.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900 :

The plaintiffs claim to be the owners of a certain moving van which they leased to one, Rohrbacher. The defendants

seized, inter alia, the van under a distress for rent due them as landlords of the premises occupied by Rohrbacher. The distress was known to the plaintiffs before the sale of the van. They had time and opportunity to protect themselves. This is shown by the fact that a notice was sent, by their attorney, to the defendants, claiming ownership as against the distraint. It thus was the duty of the plaintiffs to bring replevin before the sale and in that proceeding prove their title : Bogert v. Batterton, 6 Pa. Superior Ct. 468; Esterly Machine Co. v. Spencer, 147 Pa. 466. They claim, however, that there was a failure to make a proper distraint upon the van taken and sold, and that this justifies them in resorting to this action for damages.

The facts upon which the contention is based are, that the van included in the distress notice was not upon the premises at the particular time that the constable left the notice, but was returned to the premises a few hours later. The demised premises were the place where the van was kept and from which it was taken for use upon the streets on the morning of the day of the service of the notice by the constable. The watchman, put in charge of the premises by the constable, took the van into custody pursuant to, and on the day of the service of, the notice. Thus was completed the seizure of the property for the payment of the rent. In Furbush v. Chappell, 105 Pa. 187, it is said: " As a general rule, to render the distress complete, there must be a seizure of the property distrained upon; but a very slight act is sufficient to constitute a seizure in contemplation of law. It need not be an actual seizure of the particular goods. If the landlord gives notice of his claim for rent and declares the goods which he names shall not be removed from the premises until the rent is paid, it is a sufficient seizure." It was held by this court in Snyder v. Boring, 4 Pa. Superior Ct. 196, that the notice should be in writing, and be sufficient to inform the tenant or the owner "what are the goods taken and the amount of the rent in arrear." In the case before us notice in writing was served, and among the goods specified was the van in dispute. Thus there was a written notice followed by a taking. After the seizure by the constable and the watchman, the van was taken from the premises and used by the tenant. When found upon the street, it was

seized by the constable, deposited with an auctioneer and subsequently sold. This taking, however, was by virtue of the notice previously given and the seizure previously made, pursuant to the landlord's warrant. The plaintiffs having failed to exercise their right to sue out a writ of replevin before the sale of the van, have now no standing to hold the defendants liable in damages for a trespass.

Judgment affirmed.