# Quinn, Appellant, *v.* Swartley.

*Landlord and tenant—Distress for rent—Notice to the tenant—Act of March 21, 1772, 1 Sm. Laws 370—Time of appraisement of tenant's goods.*

1. The notice which the Act of March 21, 1772, 1 Sm. Laws 370, requires to be given to a tenant in distress proceedings, should be in writing, and should state the date of the levy, for the tenant has five full days from "the distress taken and notice thereof" within which to replevy his goods. If the goods are appraised within five days from the time when the statutory notice of the

distress is given, the sale which follows will be unlawful. If, however, the tenant receives actual notice of the distress on the day when the distress has been made, the date of the written notice will not be material, and he will be required to replevy his goods not later than five full days after such distress.

2. Where a constable on July 14, left a notice dated July 15, at the demised premises, which stated that he had on that day distrained the goods thereon, the tenant, in the absence of actual notice that the distress had been made on July 14, had five full days from the date of the written notice in which to replevy his goods, and if the goods were appraised on July 20, the sale that followed was illegal. In an action of trespass by the owner of the goods, to recover damages for the unlawful sale thereof, the court, on the defendant's own showing that the statutory requirements as to notice of the distress had not been met, should have instructed the jury to find for the plaintiff for such damages as it was proved she had suffered.

Argued March 25, 1913. Appeal, No. 54, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1911, No. 2461, on verdict for defendant in case of Jessie M. Quinn v. P. Erwin Swartley. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Trespass for illegally selling personal property in distress proceedings. Before WILLSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for the defendant and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was the refusal of the court to give binding instructions for the plaintiff for such damages as it had been proved she had suffered.

*Paul Reilly,* with him *T. Truxton Hare* and *Henry B. Hodge,* for appellant.—The landlord upon distraint is bound by the terms of the written notice served upon the premises and if that notice be insufficient or misleading all subsequent proceedings are illegal: Snyder v. Boring, 4 Pa. Superior Ct. 196; Manegold v. Quinn, 45 Pa. Superior Ct. 482.

Calculations of time under the above act are to be made by applying thereto the provisions of the Act of June 20, 1883, P. L. 136; Whitton v. Milligan, 153 Pa. 376.

Notice of levy and cause of taking may be given on the day on which the levy is made, but five full days must elapse after notice before appraisement, excluding day of levy and service of notice: Brisben v. Wilson, 60 Pa. 452; Snyder v. Boring, 4 Pa. Superior Ct. 196; Manegold v. Quinn, 45 Pa. Superior Ct. 482.

The validity of the sale depends upon a strict observance of all the provisions of the statute: Kerr v. Sharp, 14 S. & R. 399; Briggs v. Large, 30 Pa. 287; Richards v. McGrath, 100 Pa. 389; Wyke v. Wilson, 173 Pa. 12; Hazlett v. Mangel, 9 Pa. Superior Ct. 139; Snyder v. Boring, 4 Pa. Superior Ct. 196; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133; Ehrhart v. Esbenshade, 233 Pa. 18.

*Francis K. Swartley,* for appellee.—The landlord upon distraint is not conclusively bound by the date of the written notice, when it is conclusively shown that the notice was served on the day the distress was made and that the subsequent appraisement and sale took place after the prescribed statutory periods from the date of service of the notice.

The notice required by the statute is of the distraint and cause of taking. It need not include notice of the appraisement and sale. The tenant or owner of the goods is nevertheless required by the statute to replevy within five days: Whitton v. Milligan, 153 Pa. 376; Snyder v. Boring, 4 Pa. Superior Ct. 196; Manegold v. Quinn, 45 Pa. Superior Ct. 482.

The appraisement was sufficient because it was affirmatively proved that the appraisers were freeholders and because their oath was in compliance with the act.

OPINION BY MR. JUSTICE BROWN, May 5, 1913:
The plaintiff is the wife of Francis J. Quinn, who was

a tenant of the defendant, to whom he was indebted on July 14, 1911, for three months' rent. She brought this action to recover damages for the alleged unlawful sale of her goods, distrained on the demised premises. The court was asked to instruct the jury that they should find for the plaintiff for such damages as she had suffered. This was refused, but the point asking for it should have been affirmed on defendant's own showing that the statutory requirements as to notice of the distress had not been given to the tenant. When the constable went to the demised premises on July 14 to make the levy, there was no response to his ring at the door and he was unable to enter the house. Shortly afterwards he effected an entrance through an open cellar window and made a levy, leaving on a table a notice of which the following is a copy: "To Francis J. Quinn. Take notice, that by authority and on behalf of your landlord P. Erwin Swartley, agent for owners, I have this day distrained the several goods and chattels specified in the above schedule, on the premises situate No. 16 North Hirst street, in the City of Philadelphia, for the sum of Sixty Three Dollars & Costs, rent due to him the said P. Erwin Swartley as aforesaid, and that if you do not pay the said rent or replevy the same goods and chattels according to law, within five days hereafter, I shall, after the expiration of said Five Days from the date hereof, cause, the said goods and chattels to be appraised and sold according to the Act of Assembly in such case made and provided. Given under my hand the 15th day of July, 1911. John F. Cook, Constable 34th Ward of said City." The distress was made under verbal authority from the landlord, who did, however, on July 15—the next day—execute and deliver a written warrant to the constable. That officer did not see the tenant or any member of his family on the day the levy is alleged to have been made. He put a watchman in charge, who testified that Quinn, the tenant, returned to his home on Saturday or Sunday fol-

lowing the fourteenth of the month, which would be the fifteenth or sixteenth. Quinn himself testified that he returned from the seashore on the night of the fourteenth and slept in the house. But whenever he returned—whether on the night of the fourteenth or on the fifteenth or sixteenth—if he found the notice of the levy, of what did it inform him?

The notice which the statute requires to be given to a tenant in distress proceedings should be in writing: Wilson v. Nightingale, 8 Ad. & El., 55 E. C. L. 1034; Snyder v. Voring, 4 Pa. Superior Ct. 196; and it must state the date of the levy, for the tenant has five full days from "the distress taken and notice thereof" within which to replevy his goods: Act of March 21, 1772, 1 Sm. Laws 370. This was the conceded right of Quinn, and if either his goods or those of his wife were appraised within five days from the time the statutory notice of the distress was given, the sale which followed was unlawful. As already said, it is not pretended that the notice was actually served upon Quinn. It was "left at the mansion house," as the statute permits, and, if seen by him when he returned home on the night of the fourteenth, it was no notice to him that his goods had been levied upon on that day, and that on or before the nineteenth of the month he would have to replevy them, or they would be appraised on the twentieth; and, if he first saw the notice on Monday night, as he testified— the seventeenth—he learned from it that his right to replevy continued until the twentieth; but on that day the appraisement was held and the sale which followed was illegal: Davis v. Davis, 128 Pa. 100; Ehrhart v. Esbenshade, 233 Pa. 18.

If it had appeared that Quinn had received actual notice on the fourteenth of July that the distress had been made on that day, the date of the written notice would not be material, and he would have been required to replevy his goods not later than the nineteenth. This was the situation in Whitton v. Milligan, 153 Pa.

376, where the levy was made on February 1st, and the statutory notice was actually served upon the tenant on the same day by a writing dated February 2, and stating that the distress had been made on that day. In other words, the tenant had actual notice on the day that the levy was made that it had been made, and the appraisement was not held until five days thereafter. In the present case nothing was developed to estop the tenant from exercising his manifest right to stand upon the notice of the distress just as it was written and dated by the defendant's bailiff, and, as the appraisement was made before five days had expired from July 15, the appellant was entitled to recover. The second and third assignments of error are sustained. There is no merit in the other two. Judgment reversed with a venire facias de novo.