# Rudolph Wurlitzer Company of Pennsylvania v. James et al.

*William McElwee, Jr.,* and *E. M. Underwood,* for plaintiff.
*Clyde Gibson* and *John S. Powers,* for defendants.

HILDEBRAND, P. J., July 31, 1929.—On the trial of this action in replevin the jury, under the direction of the court, returned a verdict in favor of the plaintiff and determined the value of the piano, which was the subject of the suit, to be $250, fixing plaintiff's damages at $29. The intervening defendant, Clyde Gibson, presented his motions for judgment *non obstante veredicto* and for a new trial, which motions were argued before the court *in banc.*

On Dec. 20, 1924, plaintiff leased a piano to Mrs. John James for a period of thirty months at an agreed monthly rental of $22.50. Mrs. James defaulted in the payment of rent prior to May 14, 1927, at which time the writ of replevin was issued. From April 1, 1926, until Jan. 24, 1927, Mrs. James and her husband, John James, were tenants of Frank Carmen. Plaintiff had given Carmen no notice that the piano was held under lease by Mrs. James. In the daytime on Jan. 24, 1927, the house rental having been paid for that month, and the term of the lease not expiring until April 1, 1927, Mr. and Mrs. James removed part of their goods from the house of Carmen. Their lease with Carmen provided that:

"Any removal or attempt at removal of any goods or chattels from said premises by the tenants while any portion of the rent for the full term shall be unpaid shall be deemed a fraudulent and clandestine removal, and the whole rent for the entire term shall fall due and be collectible at once, and all goods and chattels so removed may be followed for the space of thirty days and seized for the collection of the same by landlord's warrant."

On the day of the removal a constable, under a landlord's warrant, levied upon the piano on the premises and also upon certain household goods of the tenants which had been removed from the premises. On the same day a proper notice of the distress was left on the piano on the premises. After levy, the plaintiff company took possession of the piano and removed it from the premises. Upon being informed that a levy had been made upon the piano on the premises before its removal, plaintiff company surrendered the piano to the landlord and his constable, who, on Feb. 5, 1927, after appraisement and advertisement, sold the piano to John C. Sickafuse, by whom the piano was sold to Clyde Gibson, the intervening defendant.

The intervening defendant contends that his present motion for judgment n. o. v. should prevail, for the reason that plaintiff, having had notice of the distress, failed to bring its action of replevin within five days in accordance with the Act of March 21, 1772, 1 Sm. Laws, 370, section 1 of which reads as follows:

"Where any goods or chattels shall be distrained for any rent reserved and due, upon any demise, lease or contract whatsoever, and the tenant or owner of the goods so distrained shall not, within five days next after such distress taken, and notice thereof, with the cause of such taking, left at the mansion-house or other most notorious place on the premises charged with the rent distrained for, replevy the same, . . . the person distraining shall and may . . . cause the goods and chattels so distrained to be appraised, . . . and after such appraisement shall or may . . . lawfully sell the goods and chattels so distrained," etc.

On the other hand, plaintiff urges that there was no right of distraint, there being no affirmative proof of the statutory requirements for the sale, while irregularities appear therein, and that plaintiff's right of action was not questioned in the pleadings, and that, therefore, plaintiff is entitled to judgment upon the verdict.

As stated, the rent for the current month was paid previous to the distraint. The removal having taken place in the daytime, the plaintiff urges that this did not constitute a fraudulent and clandestine removal, citing Grace v. Shively, 12 S. & R. 217; Grant & McLane's Appeal, 44 Pa. 477; and that a tenant cannot by agreement, as against the goods of a stranger, make a removal clandestine that is not clandestine under the law, citing Walsh v. Philadelphia Bourse, 32 Pa. Superior Ct. 348, and Harrop v. Lutz, 53 Pa. Superior Ct. 195. These principles, however, have no application in the present case. The contract here provides that any removal of goods from the premises while any portion of the rent for the full term was unpaid "shall be deemed a fraudulent and clandestine removal and the whole rent for the entire term shall fall due and be collectible at once." By their contract the landlord and tenant had agreed that, on any removal of goods from the premises by the tenant, the whole rent for the entire term should fall due. The right of distress arose immediately upon the removal, and whether the removal was fraudulent or clandestine becomes immaterial. This is the law as laid down in Goodwin v. Sharkey, 80 Pa. 149, 153, which distinguishes Grant & McLane's Appeal, supra.

In *Brumbaugh v. Feldman*, 47 Pa. Superior Ct. 10, where the lease contained a provision identical with that of the present lease with reference to the rent for the entire term becoming due and collectible upon any removal or attempted removal of goods from the premises, the provision was held enforceable against not only the tenant but against a stranger whose goods were upon the premises under a contract of bailment, the court there saying:

"He who permits his goods to be and remain in the hands of a tenant on the demised premises does so at the risk that they may be distrained when rent becomes due, as stipulated in the lease. It is the lease which fixes the time when rent becomes due, and it is the maturity of the rent which creates the liability."

It is clear that there was a removal of goods from the premises by the tenant, and, by the terms of the tenant's contract with the landlord, the balance of the rent for the full term immediately became due and collectible. The landlord, therefore, had the right to distrain all goods upon the premises, whether they were the property of the tenant or the property of a stranger.

It is true that the plaintiff's right of action was not questioned by the affidavit of defense on the ground that replevin had not been instituted within five days after notice of distress. Defendant's evidence of notice to plaintiff of the landlord's distraint of the piano was admitted without objection. The defendant's present position was disclosed at the close of the case, when he presented his point for binding instructions. If objection had been made to the evidence offered on this point, defendant would have been entitled to amend. The plaintiff, having taken its chance of a favorable disposition of the case with the evidence in without objection, raises the question now too late to be of any avail. That which was amendable without injury to the adverse party will be treated as amended: *Stuart v. Line*, 11 Pa. Superior Ct. 345; *Elder Township School District v. Pennsylvania R. R. Co.*, 26 Pa. Superior Ct. 112; *Kirchner v. Smith*, 207 Pa. 431; *Trainor v. Railroad Co.*, 137 Pa. 148.

The testimony is clear that the levy was made on Jan. 24, 1927, and that the sale took place Feb. 5, 1927. It also appears an appraisement was made by T. E. Smith and Harry Long. It does not appear that these men were freeholders. It does not appear when the appraisement was made. Plaintiff contends that the burden of proving affirmatively that all of the statutory requirements of the sale were complied with rested upon the intervening defendant who claimed under constable's sale on a distress for rent. This position is sustained by *Murphy v. Chase*, 103 Pa. 260, where a plaintiff who failed to sustain this burden was barred from a recovery. He had not shown notice of the distress given to the defendant before the appraisement, nor had he shown advertisement made as provided by the act of assembly. That case and many others hold that the presumption that an officer of the law has done his duty and taken all the preliminary steps necessary to an official act has no application to a constable who distrains and sells goods under a landlord's warrant, the constable there acting but as the agent of the landlord and not as officer of the law. These defects in the defendant's case were pointed out at the close of the testimony when the plaintiff moved for a directed verdict. We think it proper to assume that defendant proved all that he was able to prove with reference to the regularity of the proceedings on the landlord's warrant.

The defendant recognized the duty which the law casts upon him by setting up in his affidavit of defense an appraisement by two reputable freeholders after the expiration of five days from the time of distress and a sale

following the appraisement and after six days' public notice. Had he failed to plead compliance with these statutory requirements, judgment might have been secured against him without trial for want of a sufficient affidavit of defense: Ramsdell v. Seybert, 27 Pa. Superior Ct. 133.

The defendant, in order to have the protection of the statute under which the sale was had, must show an appraisement by two reputable freeholders, that five full days intervened between the distress and notice thereof and the appraisement, and that there was six days' public notice of the sale.

He has done none of these things. He has, therefore, shown no title in himself and has wholly failed to establish his right to possession as against the plaintiff.

The defendant, however, contends that plaintiff, having failed to bring replevin within five days after notice, is now barred from recovery. Where the proceedings are regular, a plaintiff's action must be brought within the statutory period. The rule appears to be different where the proceedings are irregular.

In the present case it appears that the seizure by the landlord was regular. If, however, the seizure be regular and the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser *ab initio* by his departure from the directions of the law, and a sale not in compliance with the provisions of the Act of 1772 is unlawful: Esterly Machine Co. v. Spencer, 147 Pa. 466; Murphy v. Chase, 103 Pa. 260; Snyder v. Boring, 4 Pa. Superior Ct. 196, 200; Brisben v. Wilson, 60 Pa. 452; Quinn v. Swartley, 240 Pa. 585.

While Bogert v. Batterton, 6 Pa. Superior Ct. 468, appears to be authority that a person whose goods have been improperly distrained upon by a landlord for rent due by a tenant who has notice of the distress and fails to bring replevin before sale cannot institute replevin against the purchaser of the goods at constable's sale, it is to be noted that the question of the regularity of the proceedings was not considered in that case and that the affirmance of the judgment of the lower court was based upon the conclusion that the distraint was proper. This case is referred to in Lengert Co. v. Building & Loan Ass'n, 15 Pa. Superior Ct. 380, 382, where it was likewise held that it was the duty of the plaintiffs to bring replevin before the sale. However, the court there recognized and discussed the right of the person whose property was improperly levied upon to an action for damages, although replevin had not been instituted within the statutory period. The distraint was, however, held proper.

We are of the opinion that there appears in defendant's own evidence an irregularity in the proceedings rendering the sale on the landlord's warrant illegal and showing conclusively that defendant now has no title and that plaintiff is entitled to its remedy in replevin. The levy was on Jan. 24, 1927. The sale was on Saturday, Feb. 5, 1927. It is clearly the law that five full days must be allowed within which the tenant or owner may bring replevin and that the appraisement cannot be had until after the expiration of that time: Davis v. Davis, 128 Pa. 100; Quinn v. Swartley, 240 Pa. 585; Ehrhart v. Esbenshade, 233 Pa. 18; Snyder v. Boring, 4 Pa. Superior Ct. 196, 200; Brisben v. Wilson, 60 Pa. 452. In computing this time the day of levy and notice and the day of appraisement must both be excluded. It is likewise well established that, in computing the "six days' public notice" of sale required by statute, the day of notice is to be excluded and the day of the sale included: Whitton v. Milligan, 153 Pa. 376. Applying these rules to the time elapsing in the present case between the levy and the sale, the

appraisement could not have been had earlier than Jan. 30th, and the first day of notice of the sale could not have been later than Jan. 30th. Since notice of sale could not be given previous to appraisement, the conclusion is irresistible that the appraisement and the first day's public notice of sale, in order to be in compliance with the statutory requirements, were made and had on Jan. 30th. Judicial notice is taken of the fact that Jan. 30th in 1927 fell on Sunday: Wilson v. Van Leer, 127 Pa. 371. It follows that the appraisement and notice were legally void and of no effect as being violative of the common law. If authority be needed to sustain this position, we think it is found in Rheem v. Carlisle Deposit Bank, 76 Pa. 132. Because of this irregularity in the proceedings, plaintiff is entitled to maintain replevin although the action was not instituted before the sale.

This same question is ably discussed by Hargest, P. J., in Pappas & Alex. Co. v. Pappas and Magaro, 31 Dauphin Co. Reps. 155, and he reaches a like conclusion. "Otherwise," he says, "we have an illegal proceeding, goods in the possession of one who has no right whatever to them, and no remedy in the lawful owner to repossess them." Support for the conclusion is found in Manegold v. Quinn, 45 Pa. Superior Ct. 482.

The plaintiff having shown title in itself, the intervening defendant having shown no title in himself and plaintiff being entitled to maintain the action, the plaintiff is entitled to recover, and defendant's motion for judgment n. o. v. must be refused.

While various reasons are assigned for a new trial, none of them were pressed upon argument and an examination of them discloses no error warranting a new trial.

Now, July 31, 1929, the intervening defendant's motions for a new trial and for judgment n. o. v. are severally overruled and refused, and the prothonotary is directed to enter judgment on the verdict on payment of the jury fee.