## Issuance of Marriage Licenses

MARGIOTTI, Attorney General, July 7, 1936.—You have requested an opinion interpreting that portion of the Act of May 7, 1935, P. L. 152, which reads as follows:

"Be it enacted, &c., That no license to marry shall be issued except after three days from the day of making application therefor and upon written and verified application to the clerk of the orphans' court".

You inquire specifically as to the method of computation of the three-day period required to elapse between the application for and the issuance of a marriage license.

The general rule in Pennsylvania for the computation of periods of time is contained in the Act of June 20, 1883, P. L. 136, sec. 1, which provides:

"That where by any existing law or rule of court, or by any law or rule of court that may hereafter be enacted and made, the performance or doing of any act, duty, matter, payment or thing shall be ordered and directed, and where any court shall, by special or other order, direct the performance or doing of any act, matter, payment, sentence or decree, and the period of time or duration for the performance or doing thereof shall be prescribed and fixed, such time in all cases shall be so computed as to exclude the first, and include the last days of any such prescribed or fixed period, or duration of time: *Provided*, That whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth, or of the United States, such day shall be omitted from the computation: *And provided*, That this act shall not apply to the payment of negotiable paper."

This act was considered in the case of Whitton v. Milligan, 153 Pa. 376, 379 (1893), where it was stated:

"In this case the appraisement is conceded to be regular and the question is whether a notice given on Tuesday,

the day of the appraisement, is sufficient to authorize a sale on the following Monday. It clearly is if, in computing the time allowed by the words of the statute, to wit, 'after six days public notice,' the day on which the notice is given is excluded and the day of sale is included. The intervening Sunday has no effect on the count, because it did not fall on the last day of the period. We think this case in respect to the notice of sale is governed by the act of June 20, 1883, P. L. 136."

Applying this act to the present situation, we reach the conclusion that the date of application for a marriage license should be excluded, and the date of issuance included, in computing the required three days' time. The intervention of Sundays or holidays should have no effect upon this three-day period, unless the third day, as computed above, falls on a Sunday or a holiday, in which case, as is provided in the Act of 1883, such day should be omitted from the computation.

From Frederic Ray, Harrisburg.