# Murphy *versus* Chase, et al.

1. A party, who claims goods under a constable's sale upon a distress for rent, must prove affirmatively that all the statutory requirements of such a sale have been complied with.

2. The presumption that an officer of the law has done his duty and taken all the preliminary steps that are necessary to an official act must be limited to his acts as an officer. It has no application to a constable, who distrains and sells goods under a landlord's warrant, he being the agent of the landlord and not an officer of the law.

3. It is too late to file a plea in abatement during the trial of a cause, but if the plaintiff is not injured thereby, the supreme court will not reverse for that error.

April 9th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1883, No. 93.

Replevin, by Thomas Murphy against The Times Printing Association and A. A. Chase, to recover the possession of certain personal chattels levied on by the said Murphy, as executor of T. J. Walsh, deceased, and bought in by him at the constable's sale.

On the trial, before WOODWARD, J., the following facts appeared : The plaintiff's testator, Walsh, leased a portion of his real estate to the defendants. Walsh died in 1874, and letters testamentary were issued to the plaintiff. After his testator's death Murphy issued several landlord warrants to distrain the

[Murphy v. Chase.]

defendants' goods for non-payment of rents due to the estate, under which the goods in question were sold to the plaintiff. The defendants having removed the property, Murphy issued this writ of replevin, which was returned as duly served on "A. A. Chase, defendant, and as manager of the Times Printing Association." The defendants gave a claim property bond, to which was signed the name "Times Printing Association," and pleaded non cepit and property.

No testimony was adduced by the plaintiff to show that the sale, under which the plaintiff claimed title, was advertised as provided by the Act of March 21st 1772, §1 (Purd. 878, pl. 10). During the progress of the defence the defendants asked leave to file a plea in abatement, to the effect "that there was not at the time the writ of replevin was purchased, nor has there since been, nor is there now, any such association or corporation as the Times Printing Association." (Objected to.)

THE COURT.—It is not clear to the court, nor has there been any evidence to show whether this entity or nonentity, whichever it is, is a corporation, partnership or anything else. They are not sued as partners—not named in the præcipe or writ as partners—and hence, I am disposed to allow the plea to be filed. (Exception.)

The plaintiff submitted the following point :—

"1. That the maxim of the law is that in proceedings by officers of the law all things are presumed to be rightly done unless the contrary is shown; if, therefore, the jury find from the evidence in this case that the proceedings upon the distress were regular, the sale was valid, and in such finding they may consider the time between the levy and sale and the conduct of the defendants as indicating an assent to the regularity or waiving any irregularity."

Answer. "So far as this point refers to the failure to give notice or advertise, we decline to affirm it. We hold it was the duty of the plaintiff to show affirmatively that the statute was complied with—the burden of proof was upon him in that regard and not upon the defendant—the point is negatived."

The defendants presented the following point :—

"The plaintiff having failed to give any evidence that the necessary legal notice of the distress made on the goods replevied was given to the owners thereof, or that the same was waived; and having failed to give any evidence that said goods were duly advertised for six days prior to the sale of the same, the sale must be deemed void and of no effect, and the verdict should be for the defendants."

Answer. "Holding, as we do, that the law is correctly stated in this point; referring ourselves to the stenographer's

[Murphy *v.* Chase.]

notes and finding that there is no testimony in regard to notice or advertisement, we feel bound to affirm the point."

The court therefore instructed the jury to find a verdict for the defendants. Verdict accordingly, and judgment thereon. The plaintiff took this writ of error, assigning for error the admission of the plea in abatement, the answers to the points quoted above, and the direction of the court to enter a verdict for the defendants.

*A. Ricketts* (*F. C. Sturges* with him), for plaintiff in error.— The admission of the plea in abatement not only violated the rule of pleading that pleas must be pleaded in due order, but the direct precept of the Act of April 4th 1851, §§ 13, 14 (P. L. 615). The law presumes that all things are rightly done, until the contrary is proved. The court below presumed the contrary, although there was no evidence that any requirement of a valid sale had been neglected. Official irregularity or neglect of duty is never to be presumed : Kelly *v.* Creen, 53 Pa. St. 302 ; Topper *v.* Taylor, 6 S. & R. 173 ; Cuttle *v.* Brockway, 24 Pa. St. 145 ; Wood *v.* Morehouse, 45 N. Y. 368.

*Harding*, for the defendants in error.—There can be no presumption of compliance with the plain provisions of the statute relative to proceedings and sale under a landlord's warrant. The landlord is made the judge in his own cause, upon the terms of a strict compliance with all the requirements of the law and the burden of showing such compliance is upon him : McElroy *v.* Dice, 5 Harris 168. In making the distress for rent, the person executing the warrant is not an officer of the law but merely an agent of the landlord, and the rule that official regularity is to be presumed has, therefore, no application : Wells *v.* Hornish, 3 P. & W. 33 ; McElroy *v.* Dice, supra.

The opinion of the court was filed April 23d 1883.

Per Curiam. It must be conceded that the court erred in permitting the plea of abatement to be added during the trial of the cause. It was too late in time and defective in form. The plaintiff, however, was not injured thereby.

The general rule is that an officer of the law is presumed to have done his duty. So, when a public officer has done an act which should be preceded by certain preliminary steps, it will be presumed they were taken. All these presumptions, however, must be limited to his acts as an officer. They do not apply to his precedent acts done as an agent. Hence in this case it was incumbent on the plaintiff to prove that notice of

[Church's Appeal.]

the distress with the cause of such taking was given to the tenant before the appraisement was made. Having wholly failed to prove this, the sale was invalid.

Judgment affirmed.