## James Hazlett v. Charles Mangel, Appellant.

*Landlord and tenant—Bailiff's liability for illegal sale.*

The right to sell property seized under a distraint for rent is given by statute and its exercise must be in strict conformity with statutory provisions. A sale of chattels under a landlord's warrant, without an appraisement, as required by the act of March 21, 1772, is unauthorized and void, and the person making such sale is a trespasser ab initio. It is immaterial whether the property belongs to the tenant or a stranger so far as the liability for a tortious sale is concerned.

Argued May 12, 1898. Appeal, No. 151, April T., 1898, by defendant, from judgment of C. P. Butler Co., March T., 1898, No. 16, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass to recover damages for the value of property which

plaintiff contends that defendant sold and took from him in the execution of a landlord's warrant. Before RAYBURN, P. J., of the 33d judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $565. Defendant appealed.

*Errors assigned* among others were (1) the court in the general charge erred in giving too much weight to the evidence of the plaintiff that he owned all the property claimed. (2) In affirming plaintiff's third point, which point is as follows: " There is no question of the rights of creditors in this case. If the father emancipated his son James, the plaintiff, and allowed him to do business on his own account, his earnings and the property purchased therewith belonged to him as against the father or his creditors." (3) In refusing defendant's first point, which point and answer are as follows: "If the jury believe from the evidence that Lewis Hazlett, the lessee of the demised premises and father of plaintiff, was in arrears for rent to the landlords, F. W. McKee and Melissa P. McKee, they had the right to issue their landlord's warrant for any rent in arrear and due, and levy upon and sell any personal property found on the premises, not left there in the way of trade, and the property in dispute having been found on said premises, it is immaterial whether the plaintiff was the owner or not, it was liable to be taken for rent due, and the verdict should be for the defendant. *Answer:* In answer to that point, we say, as defendant did not show an execution of the landlord's warrant as required by the act of assembly this point is refused," thereby holding the defendant must show affirmatively, when no objection was raised by plaintiffs in pleadings or evidence that the officer did not do his duty which the law presumes he did. (4) In refusing defendant's second point, which point and answer are as follows: "If the jury believe from the evidence the defendant was a constable, in the line of his duty as such, had a regularly issued landlord's warrant for rent in arrears, he had the right to levy on the personal property found on the demised premises and sell the same to pay the rent due, and in so doing, is guilty of no trespass and the verdict should be for the defendant. *Answer:* In answer to that point, there

not being any appraisement of the property by the constable executing the warrant, this point is refused," thereby holding that when the regularity of the proceeding is not raised by objections of plaintiff, the presumption that an officer does his duty is of no avail, defendant holding the objection should be raised in the pleadings or the evidence somewhere by plaintiffs.

*Newton Black*, for appellant.—This is a case where a man, with a family, rents a farm under certain specified conditions, works the farm for several years, then falls behind in his obligations, and when the landlord insists on having his own, he is informed that the tenant does not own the personal property on the premises but the same belongs to his minor son who has all this time been a member of the tenant's family.

When a father and wife and minor children are living as one family the presumption of law is the personal property belongs to the father and so continues until otherwise proven, the burden of proof being on the party opposing this presumption: Adams v. Hitner, 140 Pa. 166; Kingsbury v. Davidson, 112 Pa. 380; Pier v. Siegel, 107 Pa. 502.

*H. H. Goucher*, for appellee.

OPINION BY SMITH, J., December 15, 1898:

This action of trespass was brought to recover the value of goods distrained and sold under a landlord's warrant. The plaintiff was a son of the tenant and claimed to be the owner of the property sold, and the defendant acted as constable or bailiff in executing the warrant. The property was on the demised premises and in the joint possession of the tenant and the plaintiff, when the rent fell due and the distress was made. The defendant proceeded to sell as if on an ordinary writ of execution. No appraisement of the property was made, or waived by the tenant or the owner.

At common law, while the landlord might distrain for rent in arrears, and keep it impounded for an indefinite period, unless replevied by the tenant, he could not sell or dispose of property thus detained. The right to sell the property seized and apply the proceeds to the payment of the rent was given by statute. Its exercise, therefore, must be in strict conformity

with the statutory provisions. A failure to comply with these, on any point is, unless performance be waived, fatal to a sale under a landlord's warrant.

Passing the question of the legality of the seizure and detention, there can be no doubt about the illegality of the sale in this case for want of an appraisement. It has uniformly been held, in a long line of cases, from Kerr v. Sharp, 14 S. & R. 399, to Wyke v. Wilson, 173 Pa. 12, that a sale of chattels under a landlord's warrant, without an appraisement as required by the Act of March 21, 1772, 1 Sm. L. 370, is unauthorized and void, and that the person making such sale is a trespasser ab initio. The cases cited also show that a tenant may maintain trespass for the sale of his own property when thus unlawfully disposed of, and in many of the cases the action was directly between the tenant and the landlord. It is, therefore, quite immaterial to the defendant here, whether the property embraced in this action was owned by the tenant or by the plaintiff. In either event the defendant committed a trespass in selling it, for the redress of which an action of trespass is the proper remedy. The evidence seems to warrant the finding of ownership of the property in the plaintiff, and the tenant, by his testimony in this case, would be estopped from successfully prosecuting any further proceeding therefor, in his own behalf.

What has been said sufficiently meets all that is material in the specifications of error; they must be overruled.

Judgment affirmed.