# Blair, Appellant, *v.* Boring.

*Constables—Bond—Appraisement—Notice.*

Where a constable on a landlord's warrant levied on goods claimed by a stranger, and gave only four days' notice of the appraisement, and selected three persons to hold the appraisement, none of whom were freeholders, and one of whom was a minor, and a judgment was recovered against the constable for the trespass, the latter cannot recover on the bond given by the landlord to indemnify the constable against loss from the sale of the goods.

200      27
28 SC   232

Argued April 24, 1901. Appeal, No. 93, Jan. T., 1901, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1900, No. 159, on judgment for defendant in case of W. S. Blair v. S. B. Boring and David Reams. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Assumpsit on a bond.   Before GORDON, P. J.

At the trial it appeared that H. J. Schetting had leased a certain hotel property, situate in the borough of Du Bois, from S. B. Boring.   In April, 1893, Boring issued a landlord's warrant against his tenant, Schetting, to collect the sum of $500 rent past due upon the lease he had with Schetting for the hotel.   This warrant was placed in the hands of W. S. Blair, a constable.   Blair made a levy on the goods in the hotel for the rent, after which Snyder Brothers notified Blair that they were the owners of the goods and not Schetting, and that they would hold him responsible for the property levied on.   Whereupon, Boring, the landlord, gave Blair a bond to indemnify him against selling the goods of a stranger, with David Reams as surety thereon.   On May 25, 1893, the constable gave notice to the tenant that he would hold an appraisement on May 30, 1893, and on that day did hold an appraisement and selected James A. Means, O. J. Williams and J. W. Rouch as appraisers, none of whom were freeholders, and Means was a minor.   The goods were appraised and then Blair, the constable, sold them.   Afterwards Snyder Brothers brought a suit against Blair in the court of common pleas of Clearfield county, which was subsequently tried in that court, and a judgment obtained against Blair on the ground that he had proceeded contrary to the act of assembly, in that he gave only four days' notice of distress and selected three persons who were not freeholders and one of whom was a minor, to appraise the goods.   Blair then brought this suit on the bond.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*A. L. Cole*, of *Cole & Moore*, with him *S. V. Wilson*, for appellant.

*W. C. Pentz*, for appellee.

PER CURIAM, June 4, 1901:

The plaintiff contends that the learned judge of the court below erred in directing the jury to render a verdict for the

defendant. It is not shown, however, that the alleged error has any substantial ground to rest upon. A careful consideration of the argument made in his behalf has not convinced us that there is error in the charge or in the direction to the jury which resulted in the verdict complained of. That which the plaintiff has assailed as error appears to be entirely free from it. It seems to us that the direction to the jury was precisely what it should be, and that a submission of the case to the jury for their determination would have been clear error. It follows from this view of the case that the learned judge of the court below committed no error in directing the jury to render a verdict for the defendant.

Judgment affirmed.