## Stone v. Rogers.

*Replevin—Property—Right of possession—Evidence.*

Replevin cannot be maintained without showing a general or special property in the plaintiff together with the immediate right of possession.

In an action of replevin brought to recover possession of forty-three sheep alleged to be the increment of five sheep claimed by the plaintiff under an alleged agreement in writing by which the five sheep had been delivered by the plaintiff's grandfather to plaintiff's uncle on condition that the increment should be delivered to plaintiff when he became of age, the court commits no error in entering a compulsory nonsuit where the alleged written agreement was not proved and the identity of the original sheep and their certain increase was a matter of mere speculation.

Argued Jan. 22, 1901. Appeal, No. 31, Jan. T., 1901, by plaintiff, from order of C. P. Susquehanna Co., April T., 1898, No. 346, refusing to take off nonsuit, in case of Lory Stone v. George B. Rogers. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Replevin to recover forty-three sheep. Before SEARLE, P. J.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Edson W. Safford*, for appellant.

*T. J. Davies*, for appellee.

OPINION BY ORLADY, J., July 25, 1901:

The plaintiff brought an action of replevin to recover possession of forty-three sheep, being the increment of five sheep, which were delivered by the plaintiff's grandfather, Lory Stone, Sr., to Orlando Stone, an uncle of plaintiff, forty-one years before the trial, and under an alleged written agreement which provided that Orlando Stone should take the sheep to double every five years and deliver the same or the proper number to Lory Stone, when he, this plaintiff, should arrive at the age of twenty-one years. When Orlando Stone died in 1896, Geo. B. Rogers was his tenant in possession of a farm on which there was a flock of sheep belonging to the landlord. Rogers refused to deliver the sheep on demand of Lory Stone, who then brought this action of replevin and the defendant gave bond and retained the property. On the trial and at the conclusion of plaintiff's evidence the court on motion directed a compulsory nonsuit.

The alleged written agreement was destroyed or lost in 1883 or 1884, its contents were not proved, and the identity of the original sheep and their certain increase was a matter of mere speculation. Replevin cannot be maintained without showing a general or special property in the plaintiff together with the right of immediate possession: Strong, Deemer & Co. v. Dinniny, 175 Pa. 586.

We have carefully searched the record and fail to find any . evidence from which reasonable inference could be drawn to justify a jury in finding for the plaintiff. The reasons given by the court below for refusing to take off the compulsory nonsuit were sufficient to warrant its direction at the trial. .

The judgment is affirmed and application for penalty refused.