# Kyler, Appellant, v. Christman.

*Practice, C. P.—Affidavits of defense—Averments.*

Every matter of defense presented should be set forth in the affidavit of defense specifically, and with such detail as to show clearly and definitely its relation to the plaintiff's claim.   Nothing must be left to inference, and what is not stated is to be regarded as not existing.   Its averments must form a complete answer to the plaintiff's demand.

In an action for services rendered an affidavit of defense is insufficient which alleges a written contract not declared on, and of which the plaintiff has filed no copy, but which fails to set forth the contract or show in any way how plaintiff's claim is connected with the contract, although such contract is alleged as a bar to summary judgment.

In an action for work done in driving logs, the mere amount of the claim was set forth, but there was no statement as to when the work was done, or how many logs were driven, if charged by the log, or how many feet they contained, if charged by the foot.   The affidavit of defense alleged the number of feet of logs driven, and the proper price for so doing.   The amount admitted was much less than plaintiff's claim.   *Held* that the affidavit was sufficient to prevent judgment for the whole of plaintiff's claim.

Argued Feb. 11, 1903.   Appeal, No. 5, Feb. T., 1903, by plaintiff, from order of C. P. Lycoming Co., Dec. T., 19, 10

No. 365, discharging rule for judgment for want of a sufficient affidavit of defense in case of Leonard Kyler v. J. W. Christman.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Order modified and affirmed.

Assumpsit for price of lumber and for services in driving logs.   The affidavit of defense was as follows:

1. The defendant admits that he entered into a contract with the plaintiff in the fall of 1899, which contract was in writing and is not declared upon in this case, nor is any copy of the same filed by the plaintiff as required by law.   And further, defendant owes nothing whatsoever, upon said contract, even if it had been declared upon and a copy filed; but defendant does not waive the duty to file a copy of said contract by said plaintiff.

2. That the item of $112 claimed by plaintiff for the driving of logs, does not set forth the quantity in feet, nor when said logs should be driven.   And defendant avers that the amount of logs driven by plaintiff for defendant was 24,695 feet.   That the charge made for driving the same in the plaintiff's statement is about $5.00 per thousand feet, whereas the proper price would be less than sixty cents per thousand feet.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*C. S. McCormick*, with him *J. F. Strieby*, for appellant.

*R. K. Foster*, with him *S. T. McCormick*, for appellee.

OPINION BY SMITH, J., November 16, 1903:

One of the rules most inflexibly held, respecting affidavits of defense, is that every matter of defense presented must be set forth specifically, and with such detail as to show, clearly and definitely, its relation to the plaintiff's claim.   Nothing must be left to inference, and what is not stated must be regarded as not existing.   Its averments must form a complete answer to the plaintiff's demand.

In the present case, the affidavit alleges a written contract between the parties, not declared on, and of which the plaintiff

has filed no copy. While nothing arising from such contract is set up by way of defense to the action, its existence, with the failure to file a copy, is alleged in bar of summary judgment. For this purpose, the averment, if sufficient in its terms, is no less effective than an averment of a defense on the merits. It accomplishes the same purpose. Its sufficiency, therefore, should be tested in the same manner. Applying this test, the averment is manifestly insufficient. While alleging a written contract, there is no allegation, direct or indirect, that the plaintiff's claim is founded on that contract. In no way does it indicate the relation between the alleged contract and the cause of action set forth in the declaration. All that it alleges may be true; the parties may have made a contract in the fall of 1899, and the defendant may owe the plaintiff nothing on that contract; but there is no hint in the affidavit that the plaintiff's claim in this action is founded on the contract thus referred to, and nothing in the declaration indicates that it is so founded. Without laying down any rule as to how specific the discription of an alleged contract should be, in a case like the present, the averment respecting it should at least be of a character to identify it, beyond doubt, as the real foundation of the claim set forth in the declaration. In the present case there is no attempt at this.

As to the plaintiff's claim for driving logs, however, the affidavit presents an adequate answer respecting the compensation. The declaration for this service avers: " That the defendant further contracted with the plaintiff that he should drive certain logs owned by the defendant, and known as the Lucas logs, . . . . to the mouth of the creek, . . . . that in pursuance of said arrangement, plaintiff did drive the said Lucas logs to the mouth of the creek as agreed, and the price or value of the services rendered in the performance of the said work is the sum or amount of one hundred and twelve ($112) dollars, as set forth in said statement." This is all that is contained in the declaration touching this item. The declaration does not aver that the amount claimed for this service was fixed by agreement of the parties, nor is the demand clearly stated as a quantum meruit. It is set forth merely as the " price or value of the services rendered." This item in the statement attached to the declaration and upon which it

is relied to recover is as follows: " To driving Lucas Logs
( . . . feet) . . . $112.00." This is unaccompanied by any
statement as to the time when the work was done, or how many
logs were driven, if charged by the log; or how many feet
they contained if charged by the foot. On these material points
the declaration is silent. The defendant sets up in his affi-
davit: " That the amount of logs driven by plaintiff for de-
fendant was 24,695 feet. That the charge made for driving
the same in the plaintiff's statement is about $5.00 per thousand
feet, whereas the proper price would be less than sixty cents
per thousand feet," showing a dispute on this item of nearly
one hundred dollars. The affidavit, in denial on this point, is
broader and more definite than the averment of the declaration,
and this has often been held sufficient to stay summary judg-
ment.

Judgment affirmed, with permission to the plaintiff to move
in the court below for judgment for so much of his claim as to
which the affidavit is deemed herein to be insufficient.