# Ramsdell *v.* Seybert, Appellant.

*Landlord and tenant—Landlord's warrant—Constable—Distress—Presumption as to legality—Affidavit of defense—Replevin.*

The presumption in favor of the legality of the proceedings of officers of the law does not apply in the case of a constable who distrains and sells under a landlord's warrant. In such a proceeding the constable is the agent of the landlord, and not a public officer.

In an action of replevin against a constable for the unlawful taking of a piano for rent, an affidavit of defense is insufficient which avers that the piano was seized on a distress warrant and sold at public sale by virtue of such warrant, without further setting forth that the several statutory requirements relating to the sale of chattels on distress for rent had been complied with, and that the public sale was therefore a legal sale.

In such a case it is immaterial that the time when the notice was given by the plaintiff to the landlord under the provisions of the Act of May 13, 1876, P. L. 171, was not set forth in the statement. Such time becomes important only if there was a compliance by the defendant with the statutory provisions relating to the sale.

Argued Oct. 14, 1904. Appeal, No. 66, Oct. T., 1904, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1901, No. 2729, making absolute rule for judgment for want of a sufficient affidavit of defense in case of James G. Ramsdell v. Harry W. Seybert. Before RICE, P. J., BEAVER, SMITH, MORRISON and HENDERSON, JJ. Affirmed.

Replevin for a piano.

Plaintiff in his statement averred:

That he is a dealer in pianos and on June 18, 1901, leased unto Hattie B. Lutz a Decker Brothers piano, No. 9861, of the value of $150, which was placed in her residence, 1605 South Bancroft street; that in order to claim the benefits of the act of assembly approved May, 13, 1876, entitled: " An act to exempt pianos, melodians and organs, leased or hired from levy and sale on execution or distress for rent," he gave notice to Mrs. Bridget McGowan, owner of the said premises, that said piano was his property and was held by the said Hattie B. Lutz as lessee ; that notwithstanding said notice and in violation of the said act of assembly, the said piano was levied on by one of the defendants, Harry G. Seybert, who is a deputy constable, for rent said to be due, and by him removed

from said premises and concealed from the plaintiff, from Hattie B. Lutz and from Mrs. Bridget McGowan. That under the terms of the lease the title to said piano is in the plaintiff herein, and it has never passed from him to the said Hattie B. Lutz or any other person. That plaintiff was informed that the said piano had been placed by the said Seybert in the warehouse of the other defendant, the said Gilbert L. Parker, at the southeast corner of seventeenth and Poplar streets, and was in his possession; and the demand therefor being refused to the damage of the plaintiff $300, he therefore brings this suit.

Defendant in his affidavit of defense averred:

That by a landlord's warrant delivered to him on or about August 6, 1901, executed by Bridget McGowan, owner of the premises, 1605 Bancroft street, he made a distraint upon William Lutz, tenant of the said premises, for rent of said premises then due and in arrear, reserved under lease made by the said tenant dated April 4, 1901, reserving the rent of $12.00 per month, and that on September 12, 1901, he caused to be sold at public sale certain goods of the tenant of the said premises, including the piano mentioned in the plaintiff's statement levied upon for said rent. That on June 16, 1902, he paid to the said Bridget McGowan the sum of $24.00 being the amount realized from said sale over and above the costs of said proceedings. The delay in the settlement of the said rent claim being occasioned by a dispute as to the amount of costs due to this deponent. That no notice to this deponent or to the said Bridget McGowan, landlord of the said premises, that the said piano was the property of the plaintiff or was held by him by a lease to the said tenant, was given by the plaintiff or by any one in his behalf prior to the time the said rent accrued and became due or prior to the time this deponent levied said distress.

That this deponent made the said distress for rent and sold the said goods by virtue of said distress and levy for rent by and under the special authority and direction of the said Bridget McGowan, landlord of said premises.

That the plaintiff is therefore not entitled to recover in this action any damage for any matter or thing alleged in the said statement of demand, all of which facts deponent says are

true, and he expects to be able to prove the same upon the trial of this case.  Deponent therefore prays judgment against the plaintiff for costs unjustly sustained in this action.

The court made absolute rule for · judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles L. Smyth*, for appellant.—Where the plaintiff's right of action depends upon a written instrument it must be set forth in the statement of demand or a copy of it attached thereto, and the neglect of this provision defeats the right to recover: Bank v. Ellis, 161 Pa. 241; Stockley v. McClurg, 14 Pa. Superior Ct. 629.

The right of the lessor of a piano as against the landlord depends not only upon a lease but also upon notice being given to the landlord that the piano is leased, and unless the notice is given prior to the time the landlord gives credit to the tenant and permits the rent to become in arrear the lessor of the piano has no right as against landlord and could have none against his bailiff: McGeary v. Mellor, 87 Pa. 461.

*Michael J. Ryan*, for appellee.—The affidavit of defense does not deny appellee's ownership of the piano, nor does it deny the removal of the piano, nor does it deny the subsequent concealment of the piano, and it fails to set forth any facts showing that the appellant proceeded according to law to make a valid sale of the piano: Kyler v. Christman, 23 Pa. Superior Ct. 548 ; Ashman v. Weigley, 148 Pa. 61 ; Wanner v. Church, 174 Pa. 466 ; Snyder v. Boring, 4 Pa. Superior Ct. 196 ; McElroy v. Dice, 17 Pa. 163.

OPINION BY HENDERSON, J., January 17, 1905:

The plaintiff's statement of claim clearly sets forth his title to the property.  That title does not arise from nor depend upon the lease to Mrs. Lutz.  The action is not brought upon the lease, and the reference to it in the declaration was apparently made in anticipation of a defense which might be set up.  It was not necessary, therefore, to set forth the lease in terms. The defendant does not deny the plaintiff's title to the property,

but alleges by way of defense that it was seized on a distress for rent, and sold at public sale by virtue of the landlord's warrant placed in the defendant's hands. The affidavit of defense is materially defective in that it does not set forth a compliance with the law, regulating the sale of goods for rent. The proceeding is statutory and the requirements of the statute must be observed or the person making the seizure stands a trespasser. Even where the seizure is regular, if the succeeding steps are not in compliance with the directions of the statute, the landlord and his agent are liable as trespassers: Esterly Machine Co. v. Spencer, 147 Pa. 466; Snyder v. Boring, 4 Pa. Superior Ct. 196. It is a firmly established rule relating to affidavits of defense, that any subject of defense set up must be specifically averred; nothing is to be left to inference, and what is not stated must be regarded as not existing: Kyler v. Christman, 23 Pa. Superior Ct. 548. In order to render the affidavit available, it should have set forth that the several statutory requirements relating to the sale of chattels on distress for rent had been complied with, and that the public sale referred to in the affidavit was, therefore, a legal sale. The presumption in favor of the legality of the proceedings of officers of the law does not apply in the case of a constable who distrains and sells under a landlord's warrant. In such a proceeding the constable is the agent of the landlord and not a public officer. The landlord's warrant is not a justification for a constable: Murphy v. Chase, 103 Pa. 260; McElroy v. Dice, 17 Pa. 163. The time when the notice was given by the plaintiff to the landlord under the provision of the act of May 13, 1876, P. L. 171, only becomes important if there was a compliance by the defendant with the provision of the act of 1772 relating to distress for rent, and if he did not regard those directions he became a trespasser. If he proceeded in compliance with them, the fact should be so averred in the affidavit of defense.

The judgment is affirmed.