## Walter v. Jenkins et al.

*Sheriff—Authority of deputy to bind sheriff—Landlord's warrant—Principal and agent.*

1. A deputy sheriff in executing a landlord's warrant is a mere agent of the landlord and does not act in his official capacity.

2. If he distrains upon horses and makes a contract with another person to keep and feed them, the sheriff is not liable on the contract.

3. If the horses were seized away from the premises of the tenant, the seizure was a trespass, unless they were removed from the rented premises within thirty days from the date of the levy; and the seizure was a trespass *ab initio*, if the provisions of the Act of March 21, 1772, 1 Sm. Laws, 370, were not complied with.

4. An agent has no implied authority to do what the principal himself is not authorized to do.

5. A party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted.

Motion for judgment *n. o. v.*   C. P. Schuylkill Co., Sept. T., 1926, No. 743.

*Roscoe R. Koch,* for plaintiff.

*John B. McGurl, R. A. Graeff* and *Daniel F. Boyle,* for defendants.

BERGER, J., May 2, 1927.—The jury rendered a verdict against the defendant and he has filed motions for a new trial and judgment *n. o. v.* The defendant, Robert E. Jenkins, was Sheriff of Schuylkill County for the term ending Jan. 4, 1926, and William B. McCool was one of his duly appointed deputies. On Oct. 23, 1924, McCool, on a landlord's warrant, which defendant admits in paragraph 3 of his affidavit of defense had come "into his hands" for execution, levied on two horses and one wagon then in the possession of George Bachert, in the Borough of Tamaqua. The landlord who issued the

Walter *v.* Jenkins et al.

warrant was a Mrs. Bradigan, and the goods were seized as the property of one Darker, who probably was her tenant. The landlord's warrant was not produced at the trial, and there is not a scintilla of evidence showing the terms of the lease between Mrs. Bradigan and Darker—assuming their relation to have been that of landlord and tenant—the amount of rent alleged to be due, or the location of the demised premises. On the argument of the pending motions, it was admitted by plaintiff's counsel that the property was not seized upon premises in the possession of Darker, as Mrs. Bradigan's tenant, and the testimony of Bachert that the horses and wagon had been in his possession a month before their seizure is uncontradicted. McCool did not impound the property on the premises where he seized it, but removed the horses and wagon to the premises of J. C. Walter, the plaintiff, with whom he made an oral contract on Oct. 23, 1924, for the keep of the horses at $1 each per day, and for the storage of the wagon at $1 per day. The plaintiff kept this property from Oct. 24, 1924, until the expiration of the defendant's term as sheriff, Jan. 4, 1926. When the contract was brought to the attention of Joseph J. Kenney, the sheriff's first deputy, by demand made by the plaintiff for payment, a month or two after he had entered upon the performance of the contract which he had with McCool, he was told, in effect, that the sheriff was not liable under the contract, because McCool had acted as the agent of Mrs. Bradigan in the execution of the landlord's warrant, which had been given to him by John F. Whalen, Esq., as her attorney. Kenney testified that he directed the plaintiff to take the horses to Mrs. Bradigan, and the plaintiff testified that she refused to accept them. The plaintiff demanded payment from Jenkins himself, after he had had possession of the property for about six months, and he refused to pay him, stating, in substance, that he was not liable upon McCool's contract, because it was not entered into in the discharge of a duty connected with the execution of a writ issued out of court. The defendant's point for a verdict was refused, and the case was submitted to the jury, which rendered a verdict for the plaintiff in the sum of $1415.70.

The case was tried by counsel for each party as though the sheriff had an official duty to perform in the execution of the landlord's warrant, which was admittedly accepted for execution by McCool, his deputy. Since we do not accept this view, it is unnecessary to consider the authorities cited on the extent of the implied power of a deputy sheriff to bind his principal, the sheriff, as to those things necessary to the proper execution of a writ coming into his hands in an official capacity. A sheriff or a constable is not bound to make a distress for rent, for all the duties imposed upon them by statute are those which follow the distress, or those which relate to appraisement and sale, should that become necessary, as is prescribed by the Act of March 21, 1772, 1 Sm. Laws, 370; 2 Purdon's Digest, 2177, 2182. See, also, Com. *v.* Sheppard, 2 Clark, 393, 395; McElroy *v.* Dice, 17 Pa. 163, 169. A constable or other officer executing a warrant in landlord and tenant proceedings is the mere agent of the landlord and does not act in an official capacity: Murphy *v.* Chase et al., 103 Pa. 260, 262, 263; Ramsdell *v.* Seybert, 27 Pa. Superior Ct. 133, 136; Williams *v.* Kocher, 28 Dist. R. 939, 940; Pickering Co. *v.* Lutz (No. 2), 67 Pa. Superior Ct. 479, 482.

The seizure of the horses and wagon by McCool in the execution of the landlord's warrant was a trespass; for a distress, in the absence of a special provision in the lease otherwise, can be executed only on the demised premises, unless the goods were fraudulently and clandestinely removed within thirty days from the date of the levy, and fraud will not be presumed from

Walter v. Jenkins et al.

a simple removal: Grant and McLane's Appeal, 44 Pa. 477, 479, 480; Owens v. Shovlin, 116 Pa. 371, 375, 376; Ball v. Penn, 10 Pa. Superior Ct. 544, 546. Even if the seizure of the horses and wagon, and their impounding under McCool's contract with Walter, the plaintiff, had originally been lawful, the subsequent failure to give notice of the seizure to the tenant, to appraise the goods within five days thereafter, and to sell the seized property after six days' notice following the appraisement, as is prescribed by section 1 of the Act of March 21, 1772, would have rendered the seizure by McCool a trespass *ab initio*. A distress for rent is a statutory proceeding, and all statutory requirements must be strictly followed. An irregular seizure is a trespass; if a seizure is regular, but the subsequent steps prescribed by statute are not taken, the landlord becomes a trespasser *ab initio*: Snyder v. Boring et al., 4 Pa. Superior Ct. 196; Oliver v. Wheeler, 26 Pa. Superior Ct. 5, 7; Richards et al. v. McGrath, 100 Pa. 389, 399; Brown et al. v. Stackhouse et al., 155 Pa. 582, 584, 585; Ehrhart v. Esbenshade, 233 Pa. 18.

The plaintiff did not prove that the defendant had authorized McCool to enter into a contract with him. Upon the contrary, the pleadings, the evidence, the presentation of the case, and the plaintiff's present contentions in support of his verdict indicate that the liability of the defendant is supposed to grow out of the exercise of an implied power in McCool, the deputy sheriff, to bind the defendant, the sheriff, for the custody and keep of the distrained property. No such implied power, as we have already shown, vested in McCool by virtue of his official capacity. The defendant himself was merely the agent of the landlord to execute the landlord's warrant, and, even though it be assumed that McCool was the designated agent of the defendant, he was, nevertheless, without power to bind the defendant by the contract here in question. The distress was a trespass, because not made and pursued in conformity with the Act of March 21, 1772. Therefore, McCool ceased to be the agent of the defendant the moment he departed from the requirements of the statute essential to a lawful distress. It cannot be assumed that the defendant authorized McCool to commit a trespass: Manegold v. Quinn, 45 Pa. Superior Ct. 482, 486, 487.

An agent has no implied authority to do what the principal himself is not authorized to do. In Blair v. Boring, 200 Pa. 27, a constable who made an unlawful sale of distrained goods after the landlord had given him an indemnifying bond against liability likely to arise from the sale was amerced in an action of damages brought by the owners of the goods. He then brought an action on the bond to recoup himself, but binding instructions given against him in the court below were sustained on appeal. The application of the same principle to the present case seems to be a complete bar to the plaintiff's right to recover. Moreover, a party who avails himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted. The burden of proof lies on him to establish the agency and the extent of that power: Lauer Brewing Co., Limited, v. Schmidt, 24 Pa. Superior Ct. 396, 403, 404; Dodge v. Williams, 47 Pa. Superior Ct. 302, 305, 306; Mahoning Valley Bread Co. v. Baltimore & Ohio R. R. Co., 83 Pa. Superior Ct. 379, 382; American Car and Foundry Co. v. Alexandria Water Co., 221 Pa. 529, 536; Interstate Securities Co. v. Third National Bank, 231 Pa. 422, 429. The plaintiff in this case did not prove the agency of McCool for the defendant in accordance with the principle just stated. The defendant's motion for judgment *n. o. v.* is, therefore, sustained.

Judgment *n. o. v.* for the defendant is hereby directed to be entered upon payment of the jury fee.          From M. M. Burke, Shenandoah, Pa.