James Sookiasian, Appellant, *v.* Swift & Co., Inc. and S. Mazmanian.

Argued October 15, 1930.

.Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Hugh Roberts,* for appellant, cited: Leonard Co. v. Scranton C. C. B. Co., 90 Pa. Superior Ct. 360; Commonwealth v. Campbell, 21 Lan. L. R. 214; McHugh v. Maloney, 4 Phila. 59.

*Alfred T. Steinmetz,* for appellee.

Opinion by Keller, J., November 20, 1930:

This is an appeal from a sheriff's interpleader issue, tried before a judge of the municipal court without a jury. The record before us is not as complete as it ought to be, the writ of fieri facias and the sheriff's return not being printed; but we are able to supply some of the missing data from the facts stated in the opinion of the court below. Appellant, who was claimant in the issue, relied for his title to the goods in controversy on a constable's sale under a distress warrant for rent, alleging that he had bought the goods from a purchaser at said sale. In such case the rule is well settled that one who claims goods under such a sale must prove affirmatively that all the statutory requirements of a legal sale have been complied

with: Murphy v. Chase, 103 Pa. 260. The reason for the rule is, that the presumption that an officer of the law has done his duty and taken all the preliminary steps that are necessary to an official act does not apply to the acts of a constable who distrains goods under a landlord's warrant, as in so doing he is the agent of the landlord and not an officer of the law. Ibid, p. 262; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133.

The writ of fieri facias was issued on January 11, 1929 and levy made by the sheriff on the goods in controversy on January 14, 1929. The appellant filed a property claim with the sheriff alleging that he was the owner of said goods and chattels, and in his statement of claim in the interpleader issue averred that "he derived title to the said goods by purchase from various vendees at a constable's sale." On the trial his own evidence was as meager as the averment in his statement. He testified that he bought the goods in January, 1929, "about the 10th or 12th, somewhere around that, in the middle of January" from dealers who had bought at a constable's sale for rent. He did not name the person or persons from whom he had bought the goods, and though he claimed to have received a bill of sale, he said he had mislaid it and did not produce it. He was an employe of the tenant, the defendant in the execution, and after his purchase claimed to be operating the business in the same premises on his own account, and the goods were still on the premises occupied by the tenant when levied on by the sheriff, supporting the court's finding of constructive fraud. To sustain his claim appellant called as a witness a constable who testified that he made a levy on the premises, 3800 Market Street, on January 5, 1929, for Frank A. Faber for $200 rent; that he made an appraisement and sold the goods on January 22, 1929 at eleven o'clock "to a man by the

name of Abrams, and another man by the name of Berks," neither of whom was proved to have sold the goods in controversy to this appellant. He did not testify that he had left a notice of his levy with the tenant, or on the premises, (Richards v. McGrath, 100 Pa. 389, 399), nor state when the appraisement was held, or that it was made by two reputable freeholders, duly qualified by oath or affirmation so to act, and that five full days had elapsed between the levy and appraisement (Hazlett v. Mangel, 9 Pa. Superior Ct. 139; Briggs v. Large, 30 Pa. 287; Whitton v. Milligan, 153 Pa. 376); nor did he testify that the sale had been held after six days public notice; all of which was required under the Act of March 21, 1772, 1 Sm. L. 370, for a valid sale under a distress for rent: Snyder v. Boring, 4 Pa. Superior Ct. 196, 198, 199; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133, 134, 136; Davis v. Davis, 128 Pa. 100, 108. He failed to prove affirmatively that the statutory requirements for such a sale had been complied with (Murphy v. Chase, supra, p. 262, 263) and therefore failed to establish title in the claimant or plaintiff under a valid sale.

The foregoing is ample justification for a judgment in favor of the defendant in the issue. But appellant also claimed that the levy under the landlord's distress warrant placed the goods so levied upon *in custodia legis* and prevented any subsequent levy upon them by the sheriff by writ of fieri facias. This is not the law, even if the distress proceedings were in accordance with the statutory requirements. While goods levied upon by virtue of a landlord's distress warrant are under the protection of the law to prevent their rescue, or pound breach, or illegal removal, they are not in the custody of the law to the extent that they may not be levied upon and taken in execution by the sheriff by virtue of a writ issuing out of a court of record; and this is necessarily the case because there

is no 'record' of the distress proceedings; it is not a judicial proceeding, but a summary one to which the law has extended a measure of sanction and protection, subject to certain rigid conditions or statutory requirements. The Act of May 7, 1929, P. L. 1589, which provides "that whenever any sheriff shall, pursuant to an execution issued, levy upon any goods and chattels, upon which there is at the time a distress for rent, any sale by the person executing such landlord's warrant, pursuant to such levy or distress for rent, shall be stayed, pending the sale of such goods and chattels by the sheriff; and the sheriff may proceed with his execution and sell such goods and chattels, as provided by existing law for sheriff's sales, and, in such case, the claim for rent, together with costs of executing such landlord's warrant, shall be filed with the sheriff, and shall be a lien on the proceeds of the sale by the sheriff, and be paid first out of the proceeds of such sale by the sheriff," did not grant to the sheriff a right of levy and sale which did not exist before, but gave statutory recognition to the practice in vogue for many years under the fourth section of the Act of 1772, supra, p. 371, and the 83d, 84th, and 85th sections of the Act of June 16, 1836, P. L. 755, 777, where execution was levied by the sheriff against a defendant who owed rent to his landlord, whether he had distrained for the same or not. See Ege v. Ege, 5 Watts 134, 135, 138; Lichtenthaler v. Thompson, 13 S. & R. 157; Mitchell v. Stewart, 13 S. & R. 295; Gray v. Wilson, 4 Watts 39, 41; Holland v. Townsend, 136 Pa. 392, 407. So, in this case, the sheriff's levy having been made on January 14, 1929,— and it does not appear that the constable had by then posted any notice of his proposed sale of the goods— the Act of 1836 afforded the landlord full protection and he could have secured payment of his claim for rent by notifying the sheriff of his claim and looking

to the proceeds of sale. This has been the practice for years out of mind.

Our ruling in Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360, as to the necessity for a written point for binding instructions being drawn up and handed to the judge before his charge to the jury, as a prerequisite to a motion for judgment non obstante veredicto, does not apply to the practice in trials by a judge without a jury in the municipal court.

We are compelled, however, to modify the judgment. The appraised value of the goods claimed, $609, was in excess of the judgment of the plaintiff in the execution and the attendant costs. The defendant in the issue (Swift & Co.) cannot have a judgment in excess of its debt, interest and costs: Penna. Knitting Mills v. Bibb Mfg Co., 12 Pa. Superior Ct. 346, 352; Mann v. Salsberg, 17 Pa. Superior Ct. 280, 285, 286.

The judgment is directed to be reduced from $609 to $358.90 with interest from January 9, 1929, and costs,—the amount to be calculated and determined by the lower court—and as so modified, it is affirmed.