## McCoy v. Royal Indemnity Co., Appellant.

Argued October 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Harry Reiss Axelroth* of *Axelroth & Porteous*, for appellant.

*George Hart*, for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

There was judgment entered in the lower court for want of an affidavit of defense. The attorney for the defense had asked by letter sent by mail the plaintiff's attorney for an extension of the time in which the affidavit had to be filed, but no reply was received. After a short vacation defendant's attorney returned and was informed that judgment had been entered in his absence. A petition was presented to open the

judgment, which the court refused. This appeal followed. Ordinarily the granting or refusal of such petitions is within the sound discretion of the lower court, and we are loath to interfere but there is an element in this case which requires us to reverse the judgment. The plaintiff's statement does not sufficiently set out his claim. A defendant is not required to answer a statement that is inadequate. "A judgment for want of a sufficient affidavit of defense is in effect a judgment on demurrer, and like all such judgments must be self-sustaining on the face of the record this is why the statement itself is always open to attack when plaintiff asks for judgment on the pleadings": Parry v. First National Bank of Lansford, 270 Pa. 556; 113 Atl. 847. Numerous authorities are cited supporting this position.

The present action is in assumpsit and is for the recovery of an amount which the plaintiff, McCoy, owes to his attorney for services rendered. It appears that McCoy had been in an automobile collision, which resulted in the death of a man. Suit was brought by those having charge of the dead man's estate against McCoy. The owner of the car driven by McCoy was insured in the defendant company and it is claimed that under the provisions of the policy, McCoy as driver of the car was not only covered as to liability for damages, which resulted from his negligence but that the Company engaged to undertake to defend McCoy in any suit that might be brought against him arising out of the accident. The plaintiff alleges that although he requested the Company so to do it refused to take charge of the defense. The above facts are set out in plaintiff's statement in narrative form. The statement is defective because the insurance policy, which is the instrument upon which suit is brought is not set out in it, nor is a copy attached. Plaintiff seeks to excuse the omission by stating that the policy is in de-

fendant's possession. No explanation is offered as to why the unusual situation is present that the defendant has the policy instead of (as is usually the case) the insured. As far as it appears in the statement no demand was made either for its delivery or for leave to examine it, or for a copy.

The allegation that it was a "standard" policy means nothing. We know of no legislation that defines a standard policy for accident insurance, and it is common knowledge that such policies are capable of many variations both as to the subjects of risks, and other details by the use of what are commonly called "riders," and even if there were a standard policy, a mere statement that the policy on which suit was brought is such, would not be sufficient.

The allegation that defendant declined by letter mailed to the plaintiff to defend the suit is also open to criticism. This is such an essential part in fixing the liability of the defendant that we are inclined to the opinion that the letter should have been attached to the statement. Whether this be so or not, the failure to incorporate the policy of insurance, or to explain its absence precluded the plaintiff from taking advantage of the defendant's default. The defendant was not required to file an affidavit of defense to an insufficient statement.

The judgment is reversed with a procedendo.