### Greenberg, Appellant, *v.* Goldman Stores Corporation.

Argued March 5, 1935. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Rocco C. Falvello,* for appellant.

*Maurice S. Cantor,* and with him *Andrew Hourigan,* for appellee.

OPINION BY RHODES, J., April 22, 1935:

This was an action in replevin by the plaintiff claiming certain dental office equipment upon which levy of distress for rent in arrears had been made by the landlord defendant. The plaintiff was a third party who had leased the office equipment to the landlord's tenant.

Plaintiff's statement avers ownership and a leasing of the goods in question to defendant's tenant; that the defendant landlord levied on the same on January 24, 1934 for rent due and sets forth his alleged right to possession of the goods as follows: "That no appraisement having been duly made, the plaintiff herein caused to be issued a writ of replevin under date of Feb. 2d, A. D. 1934, marked to No. 536 March Term, 1934, out of the Court of Common Pleas of Luzerne County, Pa., whereupon the said plaintiff came into lawful possession of his furniture and dental equipment, above specified, because of the defendant's failure to follow strictly every one of the statutory steps required in distress proceedings."

Plaintiff obtained a default judgment against defendant in the replevin action because of the latter's

failure to file an answer to plaintiff's declaration within fifteen days. Defendant then took a rule to strike off this default judgment, which rule the lower court made absolute on the ground that plaintiff's declaration was not sufficient as a matter of law to sustain the judgment.

The only question in the case is whether the court below was correct in striking off the default judgment and allowing the defendant additional time in which to file an answer.

Plaintiff's declaration, as quoted above, admitted the levy for distress by the defendant landlord, and questioned latter's right to possession in only one respect, namely: That the goods were never appraised in the distress proceedings. As a matter of law, however, failure to appraise will not impair a landlord's lien once acquired, if the goods are replevied before sale: Potts v. Lutz, 98 Pa. Superior Ct. 545, 548. The provisions of the Act of March 21, 1772, 1 Sm. L. 370, Sec. 1, 68 PS 291, requiring, inter alia, an appraisal of the goods distrained, are for the protection of the owner of the goods in the case of a sale only.

Plaintiff's declaration therefore was not self-sustaining because it failed to show any right in him to immediate possession of the goods. Replevin cannot be maintained without showing a general or special property in the plaintiff together with the right of immediate possession: Strong etc. Co. v. Dinniny, 175 Pa. 586; McFarland-Meade Co. v. Doak, 63 Pa. Superior Ct. 27; Stone v. Rogers, 17 Pa. Superior Ct. 358. It follows that the judgment entered against the defendant for want of an affidavit of defense was properly stricken off by the court below: McCoy v. Royal Indemnity Company, 107 Pa. Superior Ct. 486, 164 A. 77; Rosser v. Cusani, 97 Pa. Superior

Ct. 255; Schneider v. Bates, 49 Pa. Superior Ct. 430, 433.

The order of the court below is affirmed.