## Cherelli et ux. v. Puleo et ux.

*Hillegass & Moran,* for plaintiffs.
*Leon H. Fox,* for defendants.

FORREST, J., March 29, 1951.—This is a petition to open a judgment in the sum of $538.65 obtained by default of an answer to a complaint in assumpsit by plaintiffs against defendants. Although depositions were taken, it was agreed between the parties that they should not be filed. The complaint not having been answered and no serious controversy having arisen concerning the allegations, we assume that they can be taken to be admitted, not only for procedural but also for practical purposes. There were certain oral statements which were not controverted at the argument. From these two sources it is fair to assume the following: (1) Plaintiffs agreed in writing to buy and defendants agreed to sell a certain dwelling; (2) previously the parties had orally agreed to respectively buy and sell certain chattels contained therein, and (3) plaintiffs were compelled to bring a bill for specific performance to enforce their rights under the written agreement and to bring this action of assumpsit to recover damages for the breach of the agreement to deliver the articles enumerated and for the cost of the replacement of certain articles which were damaged and left on the premises. These articles and their values as set forth in the complaint are:

| | |
|---|---:|
| Gas range | $179.95 |
| Combination storm and screen door w/piston ... | |
| 2 screen doors | 137.45 |
| 14 storm sashes | |
| Venetian blinds for 3 double windows and doors.... | 51.25 |
| Laundry tubs (broken) | 80.00 |
| Window sash cords | 15.00 |
| 2 rugs—estimated worth | 50.00 |
| 1 baby crib—estimated worth | 25.00 |
| Total | $538.65 |

Defendants have not conducted themselves in such a way as to be entitled to any equitable consideration since they did not answer the complaint, neither did they file their petition to open judgment until the

sheriff, after several attempts, finally succeeded in attaching their automobile.

The attorney for defendants calls our attention to that line of cases which have been decided on the principle enunciated in McCoy v. Royal Indemnity Co., 107 Pa. Superior Ct. 486, 488 (1933) ; "A defendant is not required to answer a statement that is inadequate." And accordingly, a judgment predicated on a complaint, which is not self-sustaining, is open to attack: Schneider v. Bates, 49 Pa. Superior Ct. 430 (1912) ; Rosser v. Cusani, 97 Pa. Superior Ct. 255 (1929). However, the present case is easily distinguishable from that line of cases. Here defendants contend that the complaint is not self-sustaining because: (1) If there was any oral agreement concerning the purchase of these certain articles, it was merged into a subsequent written agreement and therefore evidence as to any preliminary oral agreement is not admissible under the parol evidence rule, and (2) the articles involved were old and the recovery is asked on the price of new replacements. Both these contentions involve the law of evidence and not principles of substantive law; and in that respect the instant case differs radically from the cases cited, so that at the trial of the cause, if defendants did not object to the admission of evidence, even though inadmissible, a verdict for plaintiffs would be sustainable. The cited cases are those in which the complaint was not self-sustaining in that it did not set forth a good cause of action. Here the complaint sets forth a good cause of action, the only apparent weakness being in the question of proof. We have found no case where a judgment has been opened on this ground.

However, since this is an equitable procedure to which equitable principles should be applied, we believe that this petition should be considered a motion to reduce the judgment on the ground that it is excessive,

it being predicated on the cost of new replacements, whereas, the articles involved were "used", according to the oral statements of both attorneys. It is within the equitable powers of the courts in proper cases to reduce judgments if the facts do not support the aggregate amount thereof: 7 Standard Pa. Practice 19, 22.

Without making a pretense that we are approaching this problem with any claim of accuracy, it would appear that equity and justice would be served by reducing the judgment to $400 with interest from June 27, 1950, and costs. In addition, there have been costs accruing since the judgment, for which defendants are responsible.

And now, March 29, 1951, the judgment is reduced to the amount of $400, plus the costs and interest from June 28, 1950, provided that defendants pay all costs accrued at the time of the judgment and accruing thereafter, within 10 days from this date. For all other purposes and in all other respects the rule is discharged.